[No. 3082.   Decided January 2, 1899.]

PRESCOTT IRRIGATION COMPANY, *Appellant,* v. BENJAMIN
F. FLATHERS *et ux., Respondents.*

IRRIGATION COMPANIES—APPROPRIATION OF RIGHT OF WAY—PUBLIC
USE—JUDICIAL NOTICE.

In a condemnation proceeding to secure right of way for an
irrigating canal, it is not necessary for the irrigation company
to show that it has condemned or purchased water rights from
the riparian owners of the stream it proposes to tap.

Under the constitution and statutes of this state the con-
demnation of lands for the construction of an irrigation ditch
constitutes an appropriation for a public use.

Courts will take judicial notice that irrigation is necessary
in order to produce agricultural crops upon light sage-brush soil.

Appeal from Superior Court, Walla Walla County.—
Hon. MELVIN M. GODMAN, Judge.   Reversed.

*Lester S. Wilson,* for appellant.

*T. P. & C. C. Gose,* and *H. S. Blandford,* for respond-
ents:

Without water there can be no public user, and hence
there can be no necessity for condemnation.   *Emigrant
Ditch Co. v. Webber,* 40 Pac. 1061; *St. Helena Water Co.
v. Forbes,* 62 Cal. 182 (45 Am. Rep. 659).   The trial
court properly held that plaintiff had shown no public use
and no necessity for the taking.   Having no water, nor
the right to any, plaintiff could not show a public use, the
right to the use of the right-of-way being the private use
of the corporation.   *Wisconsin Water Co. v. Winans,* 39
Am. St. Rep. 813, and note (20 L. R. A. 662); *Pocantico
Water Works Co. v. Bird,* 130 N. Y. 249; *Sherman v.
Buick,* 91 Am. Dec. 577, and note, 587; *Beekman v. Sara-
toga & S. R. R. Co.,* 22 Am. Dec. 679, and note; Lewis,

Eminent Domain, §§ 164, 165; Cooley, Constitutional Limitations, p. 643 et seq.

The opinion of the court was delivered by

REAVIS, J.—Action by an irrigation company to condemn a right of way for an irrigation canal in Walla Walla county. The petition alleges the incorporation of appellant "for the purpose of constructing, maintaining and operating a flume and irrigating ditch and conducting water through and along the same for irrigating purposes upon the lands of persons along the line thereof and adjacent thereto," and "for the acquiring of water, water rights and water powers for conveyance through and along the same, and rights of way therefor." And the right of way is definitely defined and the length of the line of the ditch is about ten miles. It is also alleged that the entire line of the ditch extends through a populous farming community, and that the whole capital stock has been subscribed, and that appellant has acquired and appropriated fifty cubic feet of water per second of time from the Touchet river and other waters at or near the point of commencement of the ditch for use therein for irrigating purposes, and that it will divert the water at the point stated as soon as the ditch can be completed, and maintain the same in accordance with the law, and in pursuance of its rights, privileges and duties. Other statements that the line selected runs through the land sought to be condemned, and is the shortest practicable route, and the necessity for taking thereof, are made, and the dimensions of the ditch and the area of land required for right of way are stated.

The answer admits that the route for the ditch indicated in the petition is the shortest and most direct route over the lands sought to be condemned. The answer of respondents, as an affirmative defense, stated that the

Touchet river is a non-navigable stream, and from the head of appellant's proposed ditch the stream flows through lands of the respondents and other lands riparian thereto, which are all settled upon by people who live thereon, and that appellant had not purchased or condemned the rights of riparian owners below the head of the ditch on the stream. Upon these issues evidence was heard, and the superior court found that the contemplated use for which the lands and premises were sought to be condemned was not a public use and that public interest did not require the prosecution of such enterprise, and dismissed the proceeding.

Counsel for respondents maintain that the case of *Benton v. Johncox,* 17 Wash. 277 (49 Pac. 495, 61 Am. St. Rep. 912), is decisive of the controversy. That case involved a single issue, and that was the determination of the conflicting rights of riparian owners and appropriators from a water course, and the right of such riparian owners was held superior to that of the appropriators made subsequently to the acquisition of title by the riparian owners. There is no discussion in the case of the use of surplus or overflow waters from the channel of the stream. The statute of eminent domain, relating to appropriation of right of way by corporations (§ 5640, Bal. Code, Laws 1897, p. 63, § 1), provides that the court shall be "satisfied by competent proof that the contemplated use for which the land, real estate, premises or other property sought to be appropriated is really a public use . . . and that the public interest requires the prosecution of such enterprise, . . . and that the land, real estate, premises or other property sought to be appropriated are required and necessary for the purposes of such enterprise." It is questionable in such proceeding under the statute how far it is competent to inquire into the ability or capacity of the corporation to complete the enterprise.

The statute upon the organization of corporations (§4250 *et seq.* Bal. Code) prescribes how corporations may be organized and for what purposes, and imposes certain restrictions and burdens upon them. And it is also provided by statute that no corporation shall have the power to condemn real estate until its capital stock is all subscribed. The responsibility of the organization is thus secured by a capital stock, and if it were competent for the court to inquire into the order or sequence of the corporate acts in carrying on an enterprise, and inquiry were made into the probability of an irrigation company acquiring water to convey through its ditches for agricultural purposes, in the case at bar sufficient evidence of the existence of abundant water at the intake of appellant's canal was before the court, and it would hardly be practicable in the proceeding to condemn a right of way to determine the property rights of all claimants to the waters of a considerable river.

The case of *Wisconsin Water Co. v. Winans,* 85 Wis. 26 (54 N. W. 1003, 39 Am. St. Rep. 813), and other cases cited by counsel for respondents, are not in point on this question. *Wisconsin Water Co. v. Winans, supra,* was a case where a water company incorporated to supply a municipality with water, and the statute required the company to secure by contract or otherwise the right to construct and maintain waterworks and sell or dispose of water to the inhabitants of the city, and no such right or contract was shown; and the court said:

" There can be no public use, except in supplying the city or its inhabitants with water for the uses and purposes mentioned. Until the right to so supply the city or its inhabitants with water is secured, there can be no right to condemn. . . . Without the right in the petitioner to so supply for such public use, the condemnation here sought, to lay such pipe, would necessarily be independent of such public use. It is entirely unlike a railroad, which

is used by the public along the whole line. In the case at bar the right to so supply for such public use at the terminus gives character to the whole enterprise."

Irrigation companies, such as this, are deemed to be public carriers of water, and are at all times subject to the regulations prescribed for the ditch by the legislature. Bal. Code, § 4155 (1 Hill's Code, § 1773). Thus, the delivery of water must be at any point along the line of the ditch where required to reasonably serve an adjoining owner of the land. The legislature has authorized the incorporation of irrigation companies in § 4281 a, Bal. Code, and Laws 1879, p. 131, and the objection to the title as defective by counsel for respondents is not tenable. Such section also authorizes the condemnation for rights of way for corporate purposes by such corporations. The power to organize such corporations is also conferred by the statute generally. Bal. Code, § 4250 (Laws 1895, p. 338, § 1).

" Ditch corporations are *quasi* public carriers,    .    .    . for the purpose of conveying water from the natural streams to places where it may be applied to beneficial uses." *Farmers' Independent Ditch Co. v. Agricultural Ditch Co.,* 22 Colo. 513 (45 Pac. 444); *White v. Farmers' Highline Canal & Res. Co.,* 22 Colo. 191 (43 Pac. 1028).

It was error in the superior court, therefore, to require the appellant to show that it had condemned or purchased water from all the riparian owners of the whole river before proceeding to appropriate a right of way for its canal.

Neither is the objection that the condemnation of the right of way in this case is not for a public use tenable. Section 1, art. 21 of the constitution expressly declares such public use. The legislative department of the government had also declared such public use, and legislated at length upon the subject. Section 4154, and following

sections relating to the subject, Bal. Code (1 Hill's Code, § 1772 *et seq.*). This would seem to be nearly decisive of the nature of the use of water for irrigation, though the question be judicial. The soil through which the proposed ditch is to run is light sage brush soil, and the court can judicially notice that ordinary sage brush soil of this quality will not produce agricultural crops without artificial irrigation. The value of the land is enhanced by the use of water and the public interests benefited, and it may be said that almost the unbroken current of authority supports this view. *Paxton, etc., Land Co. v. Farmers', etc., Land Co.,* 45 Neb. 884 (64 N. W. 343, 50 Am. St. Rep. 585); *In Re Bonds of the Madera Irrig. Dist.,* 92 Cal. 296 (28 Pac. 272, 675, 27 Am. St. Rep. 106). And the question, upon principle and authority, is so conclusively stated in the case of *Fallbrook Irrig. Dist. v. Bradley,* 164 U. S. 112 (17 Sup. Ct. 56), that it is not deemed necessary to cite further from judicial decisions.

It is concluded from the record presented here that the superior court should have proceeded with the case for the appropriation of the right of way mentioned in appellant's petition, and the case is, therefore, reversed and remanded for further proceedings not inconsistent with this opinion.

SCOTT, C. J., and DUNBAR, GORDON and ANDERS, JJ., concur.