[Nos. 7874, 8173.   Department Two.   September 29, 1909.]

THE STATE OF WASHINGTON, on the Relation of Rufus Merriam et al., Plaintiff, v. THE SUPERIOR COURT FOR SPOKANE COUNTY, Respondent.

NORTH COAST RAILWAY COMPANY, Respondent, v. RUFUS MERRIAM et al., Appellants.[1]

APPEAL—REVIEW—PLEADINGS—AMENDMENTS — EMINENT DOMAIN. Objection to a petition in condemnation by a railroad company, in that it did not state that the petitioner was a common carrier, will not be considered on appeal, where the evidence showed that it was a common carrier authorized to exercise the power of eminent domain; since amendments will be considered as made to conform to the proofs.

EMINENT DOMAIN — PROCEEDINGS—EVIDENCE—ADMISSIBILITY—USE OF RAILROAD PROPERTY. In condemnation proceedings by a railroad company, evidence to show negotiations by the company to trade the land to a city for use as a street in exchange for the vacation of a city street is inadmissible, where a reasonable necessity for the condemnation was shown; since the railroad company could not condemn the land and dispose of it to the city for street purposes.

SAME—NECESSITY—ADJOINING STREETS. In condemnation proceedings by a railroad company, it is not necessary to first show that the city had granted a necessary right of way across adjoining streets.

SAME — DAMAGES — EVIDENCE — ADMISSIBILITY — PRICES PAID FOR LAND. In condemnation proceedings, evidence of the prices paid by the petitioner for property in the vicinity is inadmissible on the question of values.

[1]Reported in 104 Pac. 148.

SAME—INCREASE. In condemnation proceedings, evidence of a general increase in the value of property is inadmissible on the subject of values, when not limited to the vicinity of the property condemned.

SAME—PRICES PAID. In condemnation proceedings, evidence of the prices paid for the property one year previous to the condemnation is admissible on the subject of values.

TRIAL—INSTRUCTIONS. It is not error to refuse requested instructions covered in the general charge.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered March 6, 1909, adjudging a public use and awarding damages in a proceeding to condemn property for railway purposes, after a trial before the court and a jury. Affirmed.

*Cullen & Dudley*, for relators.

*Danson & Williams* and *Hamblen & Gilbert*, for respondents.

MOUNT, J.—These two actions grow out of a condemnation proceeding, and were presented here together by one brief. In September, 1908, the North Coast Railway Company filed a petition in the superior court of Spokane county, seeking to condemn for railway purposes two lots, the property of Rufus Merriam and wife, in the city of Spokane. In December, 1908, the petition came on to be heard upon the preliminary question of the public use and the necessity for taking the property. The court, after a hearing, found that the contemplated use for which the property was sought was really a public use, and that the property was required and necessary for the purpose of the railway, and thereupon ordered the question of damages to be tried to a jury. This question was tried to a jury on January 13, 1909, and the value of the property taken was assessed at $3,375. Thereafter, on January 21, 1909, upon application of Merriam and wife, a writ of certiorari was issued out of this court to review alleged errors in the preliminary proceed-

5—55 WASH.

ings. While that writ was pending here, final judgment for damages and a decree of condemnation were entered in the lower court on March 6, 1909. Thereupon Merriam and wife appealed from that final judgment.

It is contended by the appellants that the petition does not state facts sufficient to entitle the petitioner to condemn appellants' property. The petition does not state that the railway company was incorporated as a public service corporation or as a common carrier of freight and passengers. It states "that the petitioner is a corporation duly organized and existing under and by virtue of the laws of the state of Washington . . . and has power by the terms of its articles of incorporation, among other things, to construct, own, maintain, and operate a line of railroad from the city of Seattle in the state of Washington to Spokane; . . . that your petitioner is duly authorized to appropriate lands," etc. No demurrer was interposed to the petition, and no objection appears to have been made to the introduction of evidence at the time of the preliminary hearing. The articles of incorporation were received in evidence. These articles show that the corporation is a public service corporation, and a common carrier of freight and passengers for hire, and authorized to exercise the power of eminent domain; and the trial court so found. Thereafter, when the question of damages came on for hearing, a general objection was made to the introduction of evidence, upon the ground that the petition in condemnation was insufficient, which objection was overruled; and it is argued now, upon both branches of the case, that the judgment should be reversed for that reason. It is entirely immaterial now whether the petition was technically sufficient, because the record shows that the petitioner is a public service corporation under its charter, and under the statute is authorized to exercise the power of eminent domain. In such cases it is the duty of this court to determine the case upon the merits disregarding technicalities "and to consider all amend-

ments which could have been made as made." *Green v. Tidball*, 26 Wash. 338, 67 Pac. 84, 55 L. R. A. 879; *Peterson v. Barry*, 50 Wash. 361, 97 Pac. 239, and cases there cited. We try the case here upon the facts shown rather than upon the allegations of the petition.

It is next argued that the court erred in excluding evidence to the effect that officers of the petitioner had attempted to make an agreement with the city of Spokane to the effect that the city should vacate a street for the use of the petitioner, and in lieu of that street the city should accept the land now sought to be condemned and use the same for street purposes. Evidence of this character might perhaps tend to show that the land sought was not desired for railroad purposes, but it would not show that there was no necessity for the railway company to have the property for its use. It was shown that an offer of that kind had been made by the railway company to the city, but with the intention at that time of purchasing the property instead of condemning it. It is clear, we think, that the railway company is only authorized to condemn land for its own needs and use, and it is not authorized to condemn land for another or for some other use. *Seattle & Montana R. Co. v. State*, 7 Wash. 150, 34 Pac. 551, 38 Am. St. 866, 22 L. R. A. 217.

"When the legislature delegates the power of eminent domain to an agent for the purpose of carrying out a special public work, such agent is not allowed to use the land taken for any other purpose than the one for which the power was granted." 10 Am. & Eng. Ency. Law (2d ed.), p. 1055.

The railway company, therefore, could not acquire the property by condemnation for use by the city. Nor could it convey the land acquired by condemnation for its own use for railroad purposes to the city or to any person for a different use. It was, therefore, immaterial what negotiations had taken place looking to that end, and we think the trial court did not err in refusing to go into this question of ex-

change more minutely than was done. The evidence fairly shows that the land·was reasonably necessary. for the uses of the condemning company. We shall not·further consider the assignment of error relating to the question of necessity.

It is argued that, because the city has not granted a right of way to the condemning company across streets adjoining the property in question, therefore this property may not be condemned. This question was settled adversely to the same contention in *State ex rel. Harlan v. Centralia-Chehalis Elec. R. & P. Co.*, 42 Wash. 632, 85 Pac. 344, 7 L. R. A. (N. S.) 198, and *State ex rel. Hulme v. Grays Harbor & Puget Sound R. Co.*, 54 Wash. 530, 103 Pac. 809.

Upon the appeal from the award of damages, several errors are assigned which we shall briefly notice. It is claimed that the court erred in refusing evidence of prices paid by the petitioner for property in the same vicinity. In *Port Townsend Southern R. Co. v. Barbare*, 46 Wash. 275, 89 Pac. 710, we held such evidence inadmissible. The court also refused to permit evidence of a general increase in values in the city. If this had been confined to the vicinity of this property, it might have been material to show the value of these particular lots. Being unlimited, it was not error to refuse the evidence. It was shown that the appellants paid $2,000 for this property about a year previous to the condemnation. That fact, with the circumstances of the sale, was, we think, some evidence of value, and its admission therefore was not an error. The simple question for the jury to determine was the market value of the property at that time. The witnesses for the railroad company placed the value at about $3,000. Witnesses for appellants placed the value at from $6,000 to $7,300. The jury, after viewing the premises and hearing the evidence and the instructions of the court, found the value at $3,375. Appellants make no contention that there was any error in the instructions as given, but argue that two instructions which

were rejected should have been given. It is sufficient to say that the instructions given simply and completely covered the case, and that there was no error in refusing those not given.

We find no error in the record, and the judgment must therefore be affirmed.

RUDKIN, C. J., PARKER, DUNBAR, and CROW, JJ., concur.