[No. 7953. Department Two.    October 8, 1909.]

THE STATE OF WASHINGTON, *on the Relation of Mary O. Forney et al., Plaintiff*, v. THE SUPERIOR COURT FOR SPOKANE COUNTY *et al., Respondents*.[1]

APPEAL—REVIEW—PLEADINGS—HARMLESS ERROR. Error in overruling a demurrer to a petition in condemnation, because of failure to allege that all of the capital stock of the condemning railroad company had been subscribed, will be disregarded on appeal where the evidence showed that all its stock had been subscribed.

EMINENT DOMAIN—DEFENSES—ALIENAGE OF STOCKHOLDERS. The objection that the stock of a railroad company seeking to condemn property is held by aliens must be raised by plea in abatement or by proof offered in defense.

SAME—CONDITIONS PRECEDENT—CITY FRANCHISE. The obtaining of a city franchise to cross streets is not a prerequisite for the condemnation of a railroad right of way.

SAME—PROCEEDINGS—REVIEW—SCOPE. On certiorari to review an adjudication of public use and necessity, objection cannot be made to the setting of the case for trial on the subject of damages.

Certiorari to review a judgment of the superior court for Spokane county, Huneke, J., entered February 18, 1909, adjudging a public use and necessity, in condemnation proceedings to acquire property for railroad purposes, after a trial before the court and a jury. Affirmed.

[1]Reported in 104 Pac. 200.

*John M. Bunn* and *P. W. Kimball,* for relators.

*Danson & Williams* and *Hamblen & Gilbert,* for respondents.

PER CURIAM.—This is a proceeding to review an order or adjudication of public use and public necessity, entered in a condemnation proceeding instituted by the North Coast Railway Company to acquire certain property in the city of Spokane for railroad purposes.

The first error assigned is the overruling of a demurrer to the petition for condemnation. The particular ground of objection to the petition is that it does not allege that the whole amount of the capital stock of the petitioning corporation has been subscribed. The only allegation in the petition bearing upon that question is "that your petitioner is duly authorized to appropriate lands, real estate or premises within the state of Washington for a right of way and for necessary side tracks, depots, water stations, and other corporate purposes." This allegation is in the nature of a conclusion of law and is perhaps insufficient as against a demurrer, but the proof shows that all the corporate stock was in fact subscribed, and the error, if any, is a technical one which we are required to disregard on appeal. *State ex rel. Merriam v. Superior Court, ante* p. 64, 104 Pac. 148.

It is next contended that the proof fails to show that a majority of the capital stock of the petitioning corporation is not held by aliens. The defense of alienage, or that a majority of the capital stock of the corporation is held by aliens, should be raised by plea in abatement, or at least by proof offered by the defense. This was the practice followed in the case of *State ex rel. Morrell v. Superior Court,* 38 Wash. 542, 74 Pac. 686, cited by the relator, and such is the general rule in kindred cases. *Shivers v. Wilson,* 5 Harr & J. (Md.) 130, 9 Am. Dec. 497; *Martin v. Woods,* 9 Mass. 377; *Burnside v. Matthews,* 54 N. Y. 78; *Lee v. Salinas,* 15 Tex. 495; 2 Cyc. 110; 1 Ency. Plead. & Prac., p. 10.

The objection that the proof fails to show that the petitioner has obtained a franchise from the city of Spokane, or that there is a necessity for the taking, is disposed of by the opinion in *State ex rel. Merriam v. Superior Court, supra.* The objection to setting the cause for trial before a jury on the question of damages is not before us on an application of this kind, but in any event the objection seems to be without substantial merit.

Finding no error in the record the judgment is affirmed.