[No. 8414.   Department Two.   December 10, 1909.]

THE STATE OF WASHINGTON, *on the Relation of L. L. True et al., Plaintiff,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Respondent.*[1]

EMINENT DOMAIN—PUBLIC USE—EVIDENCE—SUFFICIENCY. The evidence of an engineer in charge of the surveys that a certain lot was necessary for the use of a railroad for a warehouse in which to handle its freight business is competent and sustains a finding that it was necessary for a public use.

Certiorari to review an order of the superior court for Spokane county, Hinkle, J., entered September 20, 1909, adjudging a public use in condemnation proceedings, after a hearing before the court. Affirmed.

*H. M. Stephens* (*G. C. Israel,* of counsel), for relators.

*H. H. Field* and *Cullen & Dudley,* for respondent.

PER CURIAM.—This proceeding is to review an order in condemnation, adjudging a certain lot in the city of Spokane necessary for a public use for the Chicago, Milwaukee &

[1]Reported in 105 Pac. 639.

Puget Sound Railroad Company, a public service corporation. The petition in condemnation alleges that the lot is necessary

"for the purpose of construction, maintenance, and operation of said branch line of railroad, and for the necessary side tracks, depots, grounds, terminals, transfer and switching grounds, and warehouses required for receiving, delivering, storage and handling of freight with security and safety to the public, and the construction, maintenance, and operation of said proposed branch railroad, each and all of which uses are public uses."

It is contended by the relators that there is no competent evidence that the property sought is necessary for the uses of the railroad company, and that the evidence shows that a part of the property is sought merely for the purpose of constructing warehouses thereon, to be leased to private persons for private purposes. After reading the evidence introduced, we are satisfied that there is no merit in these contentions. The engineer in charge of the surveys in the city of Spokane testified that the whole of the lot was necessary for the use of the railroad company for the purposes mentioned. He was clearly a competent witness to testify upon that subject. Counsel for the relators endeavored to have this witness say that the warehouses proposed to be constructed upon a portion of the property were to be leased to private persons for private business, but the witness refused to so testify, and insisted that the warehouses were necessary for the use of the company in order to handle its freight business, and that the whole of the lot was necessary, even insufficient, for the use of the railroad company. We find no justification for relators claiming otherwise upon this record.

Several collateral questions are presented in the brief, but all the pertinent questions in this case have been determined by this court in, *State ex rel. Harlan v. Centralia-Chehalis Elec. R. & P. Co.*, 42 Wash. 632, 85 Pac. 344, 7 L. R. A. (N. S.) 198; *State ex rel. Hulme v. Grays Harbor & Puget Sound R. Co.*, 54 Wash. 530, 103 Pac. 809; *State ex rel.*

*Merriam v. Superior Court,* 55 Wash. 64, 104 Pac. 148;
*State ex rel. Forney v. Superior Court,* 55 Wash. 215, 104
Pac. 200; *State ex rel. McIntosh v. Superior Court, ante*
p. 214, 105 Pac. 637; and it is unnecessary to again enter
into a discussion thereof. There is no error in the record,
and the judgment is affirmed.