[No. 11400.   Department Two.   February 4, 1914.]

JOHN ENGSTROM, *Respondent*, v. EDENDALE LAND COMPANY, *Appellant*.[1]

EMINENT DOMAIN—PERSONS ENTITLED—IRRIGATION COMPANY. An irrigation company entitled to cross the lands of another and divert part of the waters of a creek thereon, having abandoned the old right of way under a license to use another way, has the right to condemn a necessary right of way across such lands to the creek, upon revocation of the license.

EMINENT DOMAIN—RIGHTFUL POSSESSION—EJECTMENT—STAY TO PERMIT CONDEMNATION PROCEEDINGS. Upon ejectment to oust a common carrier of water from a right of way which it was using by permission, the suit is properly stayed for thirty days to allow the defendant to bring a condemnation suit to acquire the right of way.

SAME—STAY—DAMAGES. In such a case, it is error to assess the plaintiff's damages for the trespass at $50, to be paid at once, irrespective of the damages to be ascertained in the condemnation proceedings, which will cover all damages.

Appeal from a judgment of the superior court for Stevens county, Myers, J., entered January 11, 1913, upon findings in favor of the plaintiff, in an action of ejectment, tried to the court.   Reversed.

*Murphy & Grant*, for appellant.

*A. C. Shaw* and *Osee W. Noble*, for respondent.

[1]Reported in 138 Pac. 302.

MOUNT, J.—The plaintiff brought this action to eject the defendant from a strip of land one hundred thirty-seven and one-half feet long by six feet wide.

It is alleged in the complaint, in substance, that the defendant unlawfully entered upon the land and by force withholds the possession thereof from the plaintiff, and that the plaintiff has been damaged thereby in the sum of $1,000.

The answer of the defendant denied that it had unlawfully entered upon the land, and alleged, as an affirmative defense, that it was rightfully entitled to the possession thereof by reason of a contract entered into between the plaintiff and the defendant whereby the plaintiff agreed that, in consideration of the abandonment of another tract, the defendant should have possession of the tract in question. The defendant also alleged that it was engaged in supplying water to a large tract of land, and had been so engaged for many years; that it was entitled to the prior use by appropriation of the waters of Stranger creek; that this strip of land was necessary to be taken for an irrigating ditch, and prayed the court to fix a time when the value of the land taken, together with damages to the land not taken, should be assessed by a jury and the land appropriated for a right of way for an irrigation ditch. The reply generally denied these allegations.

Upon the trial of the case to the court without a jury, the court made findings in favor of the plaintiff, and entered a judgment to the effect that the plaintiff was entitled to the property in question unless, within thirty days from the date of the entry of the judgment, the defendant should sink beneath the surface of the soil at least one foot its flume now located over and upon the premises, and that the plaintiff have judgment for $50 damages; that, in the event the defendant failed to sink its flume beneath the surface, as above stated, that a writ of restitution should issue placing the plaintiff in possession of the premises. The court also adjudged that the rights of the defendant in and

to the waters of Stranger creek were inferior and subject to the rights of the plaintiff therein; that the only right which the defendant has in and to the waters of Stranger creek is the right granted by the plaintiff to construct a flume and connect with the waters of the creek. The defendant has appealed from that judgment.

The facts in the case are substantially as follows: The plaintiff is the owner of the land in question. The defendant is a corporation engaged in irrigating certain lands adjoining the land of the plaintiff. Stranger creek is upon the land of the plaintiff. For many years, the waters of Stranger creek have been used by the defendant and its predecessors in interest for irrigation purposes. The waters from Stranger creek have been diverted across the land of the plaintiff.

A short time prior to the beginning of this action, the plaintiff and the defendant agreed orally that the defendant might change the course of the ditch across the plaintiff's land and abandon the old ditch. The plaintiff testified that the agreement was that the defendant should sink its ditch or flume one foot beneath the surface of the soil. The defendant testified that it was agreed that the top of the flume should be level with the surface of the soil. The old ditch, when the new one was completed, was to be abandoned. The defendant went upon the land upon the line of the proposed new ditch and constructed a ditch partially beneath the surface and partially above the surface. In some places it consisted of a flume three feet above the surface. When the plaintiff discovered this fact, he notified the defendant to remove therefrom. This the defendant refused to do. The president of the defendant company testified that, when he observed that his employees had constructed a flume above the surface of the ground, he directed that it be torn down and reconstructed level with the surface of the ground; that, while this work was in progress, the plaintiff ordered the defendant to vacate the premises, which the defendant refused to do. Thereupon

this action was brought in the nature of an ejectment, and judgment was entered as above stated.

A reading of the record convinces us that there is no justification for the conclusion of the court to the effect that the respondent has a prior right to the waters of Stranger creek. If this issue was material to the case, it was only material to show some right in the appellant to take or use the respondent's land. There is no dispute of the fact that the appellant and its predecessors, for more than twenty years, have taken the waters of Stranger creek and carried the same across the land of the respondent for irrigation purposes. The appellant has probably not used all the waters of that creek, but it has used a part of the waters, and has carried the same across the land of the respondent without objection, in the old race or flume. This right of the appellant is, by the record, shown to be prior and paramount to that of the respondent. We find no substantial evidence in the record to justify the conclusion of the court to the effect that the respondent's right is prior or superior to that of the appellant. The court was, therefore, clearly in error in so finding.

We may concede, for the purposes of this case, that the right of the appellant upon the strip of land now in question was a mere license, revocable at the will of the respondent, and that the oral agreement was as stated by the respondent. The evidence is conclusive of the fact that the appellant is engaged in irrigating arid lands. It has been so engaged for several years. The right of the appellant to use the land of the respondent at the old ditch is not questioned. Nor is the right of the appellant to a part of the waters of Stranger creek questioned. It therefore has the right to condemn a more useful way across the land of the respondent. *Prescott Irr. Co. v. Flathers,* 20 Wash. 454, 55 Pac. 635; *Weed v. Goodwin,* 36 Wash. 31, 78 Pac. 36.

It is conceded in the record that the appellant went upon

the new right of way across the land of the respondent by permission of the respondent. Afterwards, when the appellant was not constructing the ditch according to the agreement as testified to by the respondent, he became dissatisfied and ordered the appellant from the premises, and brought this action in the nature of ejectment. The appellant, being a common carrier of water and engaged in supplying water for irrigation, and it being reasonably necessary that it use this new right of way for purposes of irrigation, clearly had the right to condemn the land of the respondent therefor, even though its right to be upon this particular strip of land had been terminated by the respondent. For purposes of condemnation, the court was clearly right when it made the order staying the right of the respondent to eject the appellant for thirty days in order that a condemnation proceeding might be brought. *Hathaway v. Yakima Water, L. & P. Co.*, 14 Wash. 469, 44 Pac. 896, 53 Am. St. 847; *Kakeldy v. Columbia & Puget Sound R. Co.*, 37 Wash. 675, 80 Pac. 205; *Slaght v. Northern Pac. R. Co.*, 39 Wash. 576, 81 Pac. 1062.

The trial court assessed the respondent's damages at $50, to be paid at once. It is plain that, if the appellant shall condemn and appropriate the right of way, all damages will be recovered in that proceeding. It was, therefore, error for the trial court at this time to assess damages in the sum of $50, or in any other sum, to be paid irrespective of the condemnation proceeding which the court authorized to be thereafter brought.

The judgment of the trial court must, therefore, be reversed upon the damages allowed, and upon the adjudication of the prior right of the respondent in and to the waters of Stranger creek. The cause is remanded, with leave to the appellant, within thirty days after the filing of the remittitur in the superior court, to bring an action to condemn the new right of way across the respondent's land. If such action is not brought, then, at the expiration of that time, a judg-

ment may be entered in ejectment and for $50 damages. The appellant will recover its costs in this court.

CROW, C. J., PARKER, FULLERTON, and MORRIS, JJ., concur.