[No. 13120.    Department Two.    May 15, 1916.]

JOHN ENGSTROM, *Respondent*, v. EDENDALE LAND COMPANY, *Appellant*.[1]

JUDGMENT—MODIFICATION—MATTERS NOT ADJUDICATED—EJECTMENT —APPEAL—DECISION—ISSUES—MATTERS. Where defendant had been using waters diverted across plaintiff's land under a prior right, and, a dispute having arisen as to the construction of a new ditch under an oral agreement to abandon or change the old one, plaintiff brought ejectment and succeeded to the extent that, on appeal, defendant was ordered ejected, unless he brought action within thirty days to condemn the new right of way across plaintiff's land, defendant is not entitled to a modification of the judgment allowing him to decline the condemnation, abandon the new right of way and return to the old ditch; since his rights, if any, in the old ditch, were not adjudicated in the action.

Appeal from a judgment of the superior court for Stevens county, Jackson, J., entered September 10, 1914, refusing to modify a judgment entered on remittitur of the supreme court, after a hearing before the court. Affirmed.

*Murphy & Grant*, for appellant.

*Rochford & Wilson*, for respondent.

[1]Reported in 157 Pac. 683.

MAIN, J.—This is an appeal from the judgment of the superior court for Stevens county, which modified a judgment previously entered. The cause was here upon a former appeal, and the decision upon that appeal is reported in *Engstrom v. Edendale Land Co.*, 77 Wash. 658, 138 Pac. 302. After that decision had been rendered and the remittitur filed in the superior court, a judgment was entered. Thereafter the defendant in the action, the appellant here, petitioned for a modification of the judgment. A hearing was had upon this petition, and the judgment was modified only as to the description of the property.

The facts as they appear in the reported decision are substantially as follows: The plaintiff in the action was the owner of a certain tract of land. The defendant was a corporation engaged in irrigating lands adjoining those of the plaintiff. Stranger creek is upon the land of the plaintiff. For many years the waters of Stranger creek had been used by the defendant and its predecessors in interest for irrigation purposes, and had been diverted across the land of the plaintiff.

Prior to the beginning of the original action, the plaintiff and the defendant agreed orally that the defendant might change the course of the ditch across the plaintiff's land, and abandon the old ditch. The defendant, in pursuance of this oral agreement, went upon the land of the plaintiff, upon the line proposed for the new ditch, and began the construction of a ditch thereon, which was partially above the surface and partially beneath the surface. The plaintiff objected to the manner of constructing the ditch and flume, and the dispute between the parties arose. The plaintiff ordered the defendant to vacate the premises, which it refused to do, and thereupon brought an action in the nature of an ejectment. Upon the trial of that action the superior court adjudged that the plaintiff had a prior right in and to the waters of Stranger creek; that the defendant, within thirty days from the entry of the judgment, should lower its flume;

and that the plaintiff was entitled to damages in the sum of
$50. Upon appeal, this judgment was reversed upon the
damages allowed, and upon the adjudication of the prior
right of the respondent in and to the waters of Stranger
creek. The cause was remanded with leave to the appellant,
within thirty days after the filing of the remittitur in the
superior court, to bring an action to condemn the new right
of way across the plaintiff's land; and if that action was not
so brought, then, at the expiration of that time, a judgment
in ejectment, and for $50 damages, was to be entered. The
defendant declined to bring the condemnation proceeding
within the thirty days after the filing of the remittitur in
the superior court. It desired to abandon the new right of
way and return to the old ditch through which it had car-
ried water across the plaintiff's land for a number of years.
In its petition for a modification of the judgment, the court
was asked to adjudicate that it had a right to its old right
of way.

The old right of way was not in issue in the original case.
What the defendant's rights thereto, if any, may be, is not
determined in the reported opinion. It is true, in that opin-
ion it is stated that the defendant and its predecessors had
for many years taken the waters of Stranger creek and car-
ried them across the land of the respondent for irrigation
purposes; but this statement was made in connection with a
discussion of the question as to whether the defendant had
such an interest in the waters of Stranger creek that it might
exercise the right of eminent domain if that issue was ma-
terial to the case. Obviously the defendant was not entitled,
in this action when it filed its petition, to have its rights,
if any, in and to the old ditch, adjudicated.

Judgment affirmed.

MORRIS, C. J., CHADWICK, PARKER, and HOLCOMB, JJ.,
concur.