[No. 18106.  Department One.  December 20, 1923.]

## The State of Washington, *on the Relation of E. L. Kirkendall et al., Plaintiff*, v. The Superior Court for Okanogan County, *C. H. Neal, Judge, Respondent.*[1]

Appeal (313)—Statement of Facts—Certificate—Form—All the Evidence. A certificate to the statement of facts to the effect that it embodies matters and proceedings and contains facts, matters and proceedings heretofore occurring in the cause not already part of the record, is insufficient to review the testimony as to a necessity for a condemnation, since it may not contain all the evidence justifying the order.

Same (321)—Statement of Facts—Certificate—Agreed Facts. A certificate to a statement of facts to the effect that it embodies matters and proceedings and contains facts, matters and proceedings heretofore occurring in the cause not already a part of the record, cannot be sustained as an agreed statement when it was not certified as such under Rem. Comp. Stat., § 391.

Application filed in the supreme court July 5, 1923, for a writ of certiorari to review an order of the superior court for Okanogan county, Neal, J., adjudging a public use and necessity in condemnation proceedings.  Denied.

*Peter McPherson*, for relators.

*W. C. Gresham* and *P. D. Smith*, for respondent.

Per Curiam.—The certificate attached to the statement of facts is that the trial court certifies "that the above and foregoing matters and proceedings embodied in the foregoing statement of facts are matters and proceedings occurring in said cause, and the same are hereby made a part of the record herein; that said statement of facts contains facts, matters and proceedings heretofore occurring in said cause and not already

[1]Reported in 221 Pac. 593.

a part of the record herein.'' The case is before us for the purpose of reviewing testimony introduced in a condemnation proceeding to establish necessity, and from a statement of facts certified as this one is we are unable to determine whether the evidence introduced was or was not sufficient to justify the court in entering its order of necessity, for it may well be that there were facts, matters and proceedings occurring at the trial which do not appear in the statement of facts and which may have justified the court's order.

Suggestion is made that this statement of facts might be considered an agreed statement. The answer to this, of course, is that, under § 391, Rem. Comp. Stat. [P. C. § 7819], an agreed statement of facts must be certified by the trial court as such. There is no such certificate here.

This case does not fall within the rule laid down in *Northern Life Ins. Co. v. Walker,* 123 Wash. 203, 212 Pac. 277, where a certificate similar to the one before us was attached to the statement of facts, for there it appeared that the statement contained all that was necessary to determine the question before the court on appeal.

For the reasons stated, the writ is refused.