[No. 18106. Department One. September 23, 1924.]

THE STATE OF WASHINGTON, *on the Relation of E. L. Kirkendall, Plaintiff*, v. THE SUPERIOR COURT FOR OKANOGAN COUNTY, *Respondent*.[1]

EMINENT DOMAIN (39, 40) — NECESSITY — SELECTION OF OTHER ROUTE—EVIDENCE—SUFFICIENCY. The necessity of the proposed route for a right of way for an irrigation ditch for agricultural purposes is sufficiently shown, in condemnation proceedings, where it appears that the route selected is one-third shorter than the route offered by the defendants, and would entail much less expense and be more efficient and cause no more inconvenience than the other.

SAME (104)—PROCEEDINGS—CONDITIONS PRECEDENT—RIGHT TO DIVERT WATERS. Condemnation for an irrigation ditch across the land of a riparian owner may be awarded, where it does not appear that the riparian rights will be impaired and the decree does not purport to be *res adjudicata* as to the right to the water to be conveyed, and the title is to revert in case there is no water for the ditch.

SAME (158)—REVIEW ON CERTIORARI—SCOPE. Upon certiorari to review a decree of necessity for a condemnation, error in the award

[1] Reported in 228 Pac. 695.

of compensation cannot be reviewed, in view of Rem. Comp. Stat., § 931, expressly providing for an appeal for the correction of such errors.

SAME (155)—APPEAL—RECORD—STATEMENT OF FACTS. Error in the award of compensation for a condemnation cannot be reviewed in the supreme court where the statement of facts contains only the evidence touching the necessity for and right to condemn.

Certiorari to review a judgment of the superior court for Okanogan county, Neal, J., entered July 5, 1923, in condemnation proceedings for a right of way for an irrigation ditch. Affirmed.

*Peter McPherson,* for relator.

*W. C. Gresham* and *P. D. Smith,* for respondent.

PARKER, J.—The relator, Kirkendall, by this certiorari proceeding, seeks a review and reversal of an adjudication of the superior court for Okanogan county, awarding to N. S. Wiltz the right to acquire by eminent domain proceedings a right of way to convey to his land water for irrigation purposes over land of Kirkendall. Wiltz is the owner of approximately 120 acres of arid land in Okanogan county. Kirkendall is the owner of 40 acres of land immediately adjoining Wiltz's land upon the south. Meyers Creek runs in a northerly direction through the lands of both of them. About 40 acres of Wiltz's land is capable of being irrigated by gravity from the waters of the creek, and thus its productiveness be very materially increased, providing he can acquire a right of way for an irrigation ditch over Kirkendall's land from an intake on the creek above Kirkendall's land; otherwise, because of the nature of the creek, very little of Wiltz's land can be effectually irrigated by gravitation from the waters of the creek, and he has no other means of effectually irrigating any substantial portion of his land.

Wiltz desires to construct an intake on the creek a short distance above Kirkendall's land, that is, south of the south boundary thereof, and from thence construct an irrigation ditch northerly over Kirkendall's land to convey water to irrigate his own land. To this end, Wiltz commenced condemnation proceedings in the superior court for Okanogan county, seeking the acquisition of a right of way 20 feet wide over Kirkendall's land for such ditch. The cause came on for hearing in the superior court upon the question of Wiltz having the right to condemn for such use, and his necessity therefor. The hearing resulted in an adjudication in his favor upon both of these questions. This is the adjudication here sought to be reviewed and reversed.

The principal contention here made in behalf of Kirkendall seems to be that there is a more feasible route over his land for a right of way for such a ditch than the one sought by Wiltz, one which would result in much less damage to him and one which he has offered to give to Wiltz without compensation. This presents a question of fact and good faith on the part of Wiltz in selecting his proposed right of way over Kirkendall's land, as to which the trial judge, after having heard a number of witnesses touching these questions, decided against the claims of Kirkendall made in that behalf.

It appears that there is an old right of way and the remains of an old mining ditch and flume over Kirkendall's land 100 to 200 feet east of, and, in its general course, approximately parallel with, Wiltz's proposed right of way. The old mining ditch and flume right of way is on much higher ground and starts at an intake some 1,800 feet up the creek from Wiltz's proposed intake, and at the remains of an old dam which was necessary to raise the water to the level of the

old ditch and flume so it could receive the water. The old ditch and flume and the dam at its intake have not been used for twelve years past, and are in such a state of disintegration that they would have to be practically entirely reconstructed to render them usable at all. The old right of way is about one-third longer than Wiltz's proposed right of way for a new ditch. The proposed new right of way will take less than one acre of Kirkendall's land and will not inconvenience him as to access to other portions of his land in any substantial degree. The evidence, we think, warrants the conclusion that the reconstruction of the dam and the old ditch so as to make them usable for irrigation of Wiltz's land would entail the incurring of a much greater expense than the construction of a new ditch on Wiltz's proposed right of way, and when reconstructed would be much more expensive to maintain and, on the whole, less efficient for Wiltz's irrigation purposes. We think this is a fair summary of the facts, and, in substance, as the trial court viewed them.

That private owners of arid or partly arid agricultural land may be given by the legislature the right of eminent domain, and that they have been given such right by the legislature to enable them to acquire by condemnation rights of way for the conveying of water to their lands for irrigation purposes, has become well settled by our constitutional and statutory provisions and this court's interpretation thereof. Section 16, Art. 1, and § 1, Art. 21, state constitution; § 7354, Rem. Comp. Stat. [P. C. § 7206]; *Prescott Irr. Co. v. Flathers*, 20 Wash. 454, 55 Pac. 635; *State ex rel. Galbraith v. Superior Court*, 59 Wash. 621, 110 Pac. 429, 140 Am. St. 893.

There is room for arguing that, since the owners of such irrigable land have such right of eminent domain,

there should run with their selection of rights of way sought to be so acquired the presumption that such selection is made in good faith and is a proper selection, as we have held in cases where rights of ways have been selected and sought to be acquired by condemnation by corporations having the right to so acquire rights of way for public use. *State ex rel. Grays Harbor Logging Co. v. Superior Court,* 82 Wash. 503, 144 Pac. 722; *State ex rel. Stephens v. Superior Court,* 111 Wash. 205, 190 Pac. 234; *State ex rel. Eastern R. & L. Co. v. Superior Court,* 127 Wash. 30, 219 Pac. 857. To what extent such presumption should prevail in favor of condemnors in cases of this nature we shall not now attempt to decide. We are, in any event, satisfied, even in the absence of any such presumption, that the superior court rightly adjudicated that Wiltz was entitled to exercise the right of eminent domain as invoked by him in the proceeding here under review.

Contention is made that Wiltz should not be awarded right of condemnation as here sought by him because, as it is argued, he has no right to water which he can convey through the proposed ditch. While Wiltz's riparian right in connection with his land bordering on the stream is unquestioned, it is argued that such right does not entitled him to go above the land of Kirkendall and divert water from the stream as proposed. The evidence is rather meager touching his right other than that of a riparian owner. However, it does not appear that the riparian or appropriation water rights of others will be impaired by the taking of the water as proposed by Wiltz, and there is some evidence in the record, introduced without objection, tending to show that Wiltz has a right to so take the water apart from his riparian right. It seems to us

that the fact that Wiltz's right in that respect to so take the water as contemplated is not shown in this case beyond all question, does not defeat his right to prosecute to a successful termination this condemnation proceeding. Our decisions in *Prescott Irr. Co. v. Flathers,* 20 Wash. 454, 55 Pac. 635; *State ex rel. Harland v. Centralia-Chehalis Elec. R. & P. Co.,* 42 Wash. 632, 85 Pac. 344, 7 L. R. A. (N. S.) 198; *State ex rel. Merriam v. Superior Court,* 55 Wash. 64, 104 Pac. 148; and *State ex rel. Forney v. Superior Court,* 55 Wash. 215, 104 Pac. 200, lend support to this conclusion. If Wiltz ultimately is prevented from the use of the right of way he so acquires, by the fact that he will have no water to convey over it, the terms of the adjudication render it plain that the right of way will revert to Kirkendall. Of course, this adjudication will not be *res adjudicata* of any water right as against Kirkendall. This is only an adjudication of Wiltz's right to acquire by condemnation the proposed right of way.

It is finally assigned as error, and briefly argued, that Kirkendall was deprived of the right of trial by jury on the question of the amount of compensation to be awarded to him for the taking of the right of way. It appears in the decree before us that the question of Wiltz's right of condemnation and his necessity therefor and the determination of the amount of damages to be awarded were tried in the superior court at the same time by consent of counsel for both parties, a jury being waived. Counsel for Kirkendall, however, now contend that a jury trial upon the question of damages was not so waived. Any question of error affecting the award of compensation for the taking of the right of way is not reviewable in this certiorari proceeding because the statute expressly provides for an appeal for the correction of any errors occurring

in that connection. Section 931, Rem. Comp. Stat. [P. C. § 7655]; *State ex rel. Nelson v. Superior Court,* 31 Wash. 32, 71 Pac. 601; *State ex rel. Forney v. Superior Court,* 55 Wash. 215, 104 Pac. 200. Besides, it is impossible to here notice any such errors because the statement of facts before us contains only the evidence touching the questions of Wiltz's right to condemnation and his necessity therefor; the statement of facts being confined to those questions by special certificate of the trial judge attached thereto. Manifestly, we are in no position to entertain any question of error touching the justness of the award of compensation.

This case was before us and a decision rendered on December 20, 1923, adverse to Kirkendall, upon the theory that there was no properly certified statement of facts in the record enabling us to dispose of the case upon the merits. *State ex rel. Kirkendall v. Superior Court,* 127 Wash. 568, 221 Pac. 593. After the rendering of that decision, but before formal entry of final judgment thereon, a statement of facts was duly certified and made of record in the case by our permission and direction, and thereupon the case was heard upon the merits.

The adjudication of the superior court is affirmed.

MAIN, C. J., TOLMAN, HOLCOMB, and MACKINTOSH, JJ., concur.