[No. 35970.   Department Two.   November 2, 1961.]

THE PORT OF SEATTLE, *Respondent*, v. ALICE BLATZ, *Appellant*.*

*Merges, Brain & Hilyer*, for appellant.

*Bogle, Bogle & Gates, Thomas L. Morrow*, and *Thomas H. S. Brucker*, for respondent.

HUNTER, J.—This appeal stems from a proceeding instituted by the Port of Seattle to condemn certain property owned by one Alice Blatz.

The right of public use and necessity having been determined previously, the trial court, sitting without a jury, had as its sole concern the question of property valuation.

Approximately thirty years prior to the commencement of this action, the defendant (appellant), Mrs. Blatz and her husband, now deceased, purchased ten acres of land located in the vicinity of what is now the Seattle-Tacoma Airport which is owned and operated by the plaintiff (respondent) Port of Seattle. In 1950, Mr. Blatz had the land

*Reported in 365 P. (2d) 779.

divided into lots for the purpose of someday selling them as homesites. Due to the proximity of the airport, this plan never materialized.

In 1956, the plaintiff condemned five acres of the defendant's land. In March of 1958, the city of Seattle purchased from the defendant four lots of the remaining five acres. The city, shortly thereafter, conveyed these four lots to the plaintiff. The remainder of the defendant's land now has been condemned by the plaintiff.

At the trial, the defendant's only expert witness, Mr. Petrick, used the 1958 sale by the defendant to the city of Seattle as the sole factor upon which to base his opinion as to fair market value. He reasoned that this sale controlled in establishing a fair market value between the parties for the lands now condemned, and thereby, reached a land valuation of $48,674.92. The defendant owner of the land testified the fair market value of the property was $120,000.

The plaintiff produced Mr. Ben Smith as its sole expert witness on the question of valuation. His opinion of the fair market value of the land was ascertained by considering the recent sales of other comparable lots and acreage. He did not consider the 1958 sale by the defendant as a relevant factor. It was his conclusion that the land had a fair market value of $19,100.

The trial court, in determining the land valuation to be $23,425, primarily based its conclusion on the testimony of Mr. Smith. No weight was given by the trial court to the 1958 sale.

Error is assigned to the valuation arrived at by the trial court. In support of the assignment, the defendant argues that where the fair market value of land is in issue, comparable sales cannot be used as evidence when the parties have themselves established a market value for the land in question. It is contended that the 1958 sale, which in substance was made to the plaintiff, established the market value of the land now condemned. Therefore, the trial court should have considered only the 1958 sale and should have disregarded the testimony of Mr. Smith.

■ We disagree with this contention. The 1958 sale was

properly rejected by the trial court as it was an irrelevant factor in determining the value of the defendant's land. It is well established that purchases of similar property by the condemning party are incompetent, and are inadmissible in evidence to prove market value. *Port Townsend Southern R. Co. v. Barbare*, 46 Wash. 275, 89 Pac. 710 (1907); *State ex rel. Merriam v. Superior Court*, 55 Wash. 64, 104 Pac. 148 (1909).

■ The trial court's determination of the fair market value of the defendant's land was within the range of competent evidence in the record. We have stated many times that where the findings of fact and the judgment of the trial court are supported by the record, this court will not disturb them. *Cuillier v. Coffin*, 57 Wn. (2d) 624, 628, 358 P. (2d) 958 (1961); *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn. (2d) 570, 343 P. (2d) 183 (1959); *Wise v. Farden*, 53 Wn. (2d) 162, 332 P. (2d) 454 (1958).

The judgment is affirmed.

FINLEY, C. J., MALLERY, HILL, and OTT, JJ., concur.