[No. 36469. Department One. April 11, 1963.]

PETER J. TAGGARES, *Respondent*, v. WILBUR BAILIE *et al.*, *Appellants.**

*Peterson, Taylor & Day,* for appellants.

*John R. Lewis,* for respondent.

HUNTER, J.—The plaintiff (respondent), engaged in the produce and fertilizer business in Othello, Washington, brought this action for the balance of the purchase price due under a contract for the sale of commercial fertilizer to the defendants (appellants). The defendants counterclaimed for damages alleged to have resulted from the improper application of the fertilizer to their irrigated land in the preparation for the seeding of wheat and oats.

The case was heard before the court without a jury. The trial court granted judgment against the defendants for the balance due for the fertilizer and dismissed the de-

*Reported in 380 P. (2d) 468.

fendants' counterclaim for damages. The defendants appeal.

The amount of the unpaid balance for the fertilizer is admitted. It is further admitted that the fertilizer was improperly applied. The sole issue on this appeal is whether the defendants sustained a damage to their crop by reason of this misapplication.

The record shows the fertilizer was misapplied by reason of its uneven distribution. This was indicated by the alternate strips of light and heavy growth of the grain throughout the field. The testimony was in dispute as to the resulting effect on the production of the crop.

The trial court found that the production of the grain throughout the field varied in relation to the amount of fertilizer which was applied; that where the fertilizer was lightly applied the grain production was light; that where it was heavily applied, the grain production was heavy; that, although the fertilizer was applied unevenly, the defendants received the full benefit of the fertilizer which they ordered in the stimulation of the growth of the crop; and that the defendants sustained no damage from the misapplication.

There is substantial evidence in the record to support these findings of the trial court. The judgment entered thereon must therefore be sustained. *Port of Seattle v. Blatz*, 59 Wn. (2d) 55, 365 P. (2d) 779 (1961).

The judgment is affirmed.

OTT, C.J., HILL, and ROSELLINI, JJ., and DAWSON, J. Pro Tem., concur.