[No. 36318.   Department Two.   May 9, 1963.]

IRENE M. JOHNSON, *Respondent,* v. LINA OLSEN *et al., Appellants,* METROPOLITAN FEDERAL SAVINGS AND LOAN ASSOCIATION, *Defendant.*

*Roy E. Jackson* and *Thor P. Ulvestad,* for appellants.

*Robert B. Porterfield,* for respondent.

DAWSON, J.[†]—This is a fraud case. Lina Olsen, who will be treated as though she were sole appellant, sold, on contract, a house and lot located in Seattle. She misrepresented the lot width to be 60 feet, whereas, in fact, the true dimensions were 50 feet by 138 feet. The purchaser, upon discovery of the deceit, promptly brought action for a rescission of the sale on several alleged grounds of fraud. She prevailed on the ground of misrepresentation as to lot width, and this appeal followed.

We deem it unnecessary to consider the additional alleged grounds, or to pursue respondent's suggestion that, under the facts, there was a mutual rescission of the contract.

The decree is based upon appropriate findings of fact covering each of the essential elements of actionable fraud.[1]

* Reported in 381 P. (2d) 623.

[†] Judge Dawson is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

[1] For a concise recital of these elements, see *Swanson v. Solomon,* 50 Wn. (2d) 825, 314 P. (2d) 655.

These findings are amply supported by competent evidence and will not be disturbed. *Port of Seattle v. Blatz,* 59 Wn. (2d) 55, 365 P. (2d) 779.

To summarize briefly, although the south and west lot lines were fenced, the east line, which abuts on the street, and the north line were not, and there were no landmarks to identify these lines to an ordinary observer. From the street entrance, in fact, from the entire street line, as well as the northerly portion of the lot, view was obscured by trees, brush, and, in part, by excavated dirt. It was, thus, difficult to observe either the boundaries or the lot area.

Respondent was inexperienced in the purchase of real estate, and had no knowledge or experience in making land measurements. When she visited the property, her main purpose was to examine the house and partial basement, and to determine whether the property was suitable for her intended plans and needs. She devoted most of her time to this end. As stated, from her point of entrance, it was extremely difficult to observe the lot area and, certainly, to her inexperienced eye, there were no well-defined, easily discernible, physical boundaries as to lot width. There is no evidence that all the boundaries were pointed out to her or that she examined them. In response to her inquiry as to lot measurements, appellant and her real-estate salesman both misinformed respondent as to the lot width, with the intention, so the trial court found, that the falsehood actuate the sale. The variance was a material one.

Appellant's position is that the italicized portion of finding of fact No. 6, which reads: "Plaintiff was, at the time of the transaction, ignorant of the falsity of the representations; she relied upon them to her damage *and she had the right to rely upon them,*" (italics ours) is an erroneous conclusion. Her assigned errors pose one narrow question, *videlicet:* May respondent rely upon the misrepresentation as to the width of the lot, or do the undisputed facts bring the case within the purview of *Conta v. Corgiat,* 74 Wash. 28, 132 Pac. 746?

In the *Conta* case, the court held that, because the boundaries of the lot were well defined, and there was no conceal-

ment or pointing out of false lines, and the buyer inspected the lot, the rule of caveat emptor was applicable to the facts. The facts were that none of the four lines of the lot was obscured and all were clearly marked upon the ground by physical objects, such as streets, the sidewalks, a fence, and a bulkhead. Further, on two occasions, the purchaser had examined the lot, once accompanied by an agent, during which visit calculations and an estimate of the amount of earth which had to be removed to accomplish a necessary regrade were made.

By no ratiocination can we apply the rule of the *Conta* case to the case at bar, because the cases are distinguished by their facts. In the *Conta* case, one of the essential elements of fraud was missing, because the court concluded that there was no reliance upon the misrepresentation, since the buyer was moved by other considerations. In other words, as was pungently pointed out by Prosser on Torts (2d ed.) § 89, p. 551:

" . . . In some cases, of course, the unreasonableness of his conduct has been regarded as sufficient evidence that he did not in fact rely upon the representation—he may testify to his reliance, but the court or the jury is not compelled to believe him. . . . "

In the case at bar, the trial court was impelled by the facts to reach a contrary result.

■ In view of the distinction we have made, it is unnecessary to examine the stature of the *Conta* case in the light of the marked change in judicial attitude during the last half century toward the question of justifiable reliance. Caveat emptor has lost much of its potency when actionable fraud exists.

"It is now held that assertions of fact as to the quantity or quality of land or goods sold . . . may justifiably be relied on without investigation, not only where such investigation would be burdensome or difficult, as where land which is sold lies at a distance, but likewise where the falsity of the representation might be discovered with little effort by means easily at hand. . . . " Prosser on Torts (2d ed.) § 89, p. 553.

136

We are entirely in accord with the broad principle announced in *Scroggin v. Worthy*, 51 Wn. (2d) 119, 316 P. (2d) 480, wherein we said:

"Moreover, *caveat emptor* does not apply to a misrepresentation of a material fact made for the purpose of inducing a sale. . . ."[2]

We have examined the Washington authorities and find none factually in point which need be considered.

Finding no reversible error, the judgment of the trial court is affirmed.

OTT, C. J., DONWORTH, FINLEY, and WEAVER, JJ., concur.

[2] A good expression of the rationale of this rule is found in *Byrnes v. Mutual Life Ins. Co. of New York*, 217 F. (2d) 497. See, also, 3 Restatement, Torts § 540, p. 93; and Prosser on Torts (2d ed.) § 89, p. 550.