[No. 39022.    Department One.    October 13, 1966.]

*In the Matter of the Petition of the* CITY OF MEDINA. THE CITY OF MEDINA, *Respondent,* v. W. H. COOK, *as Executor, et al., Appellants.**

---

*Reported in 418 P.2d 1020.

*Malcolm L. Edwards,* for appellants.

*Stephen Chadwick, Jr.* (of *Chadwick, Chadwick & Mills*), for respondent.

HUNTER, J.—This appeal arises from a proceeding instituted by the city of Medina, plaintiff (respondent), to condemn two parcels of land owned by George W. Olson (deceased) and Ray W. Brady, defendants (appellants). W. H. Cook, as executor of the estate of George W. Olson, has been substituted as a party defendant for the deceased Mr. Olson.

The right of public use and necessity having been determined previously, the trial court, sitting without a jury, had as its sole concern the question of determining the just compensation to be awarded the defendants for the city's taking of their respective parcels of property.

The following is a sketch of a 30-acre "block" the city condemned for park, open space and drainage purposes.

This "block" is part of a swale and natural watercourse sloping gently toward the southern half. The parcels with which we are concerned on this appeal are item 2 and item 4. They are below the grade of 82nd Avenue N.E. with considerable standing water and swampy growth, rendering them difficult, if not impossible, to traverse.

At the trial,[1] the defendants produced two experts experienced in real estate sales. They testified to valuation figures ranging to a maximum of $15,500 for item 2 and $18,750 for item 4. These estimates were based primarily on the division of the properties into lots. The defendant Brady also testified to his own valuation estimates on parcel 4 if

---

[1] Appellants present counsel did not participate in the trial.

ILLUSTRATION "A"

Note: Area taken is within dark line

ST. THOMAS CHURCH & SCHOOL

N.E. 12TH ST.

468.70'

ITEM 5 2.34 A

271.08'

ITEM 1 11.35 A

316.35'

N.E. 10TH

PUGET SOUND SUB STATION

BRADY ITEM 2 1.88 A

640.67'

ITEM 3 1.09 A

OLSON ITEM 4 1.09 A 360.37'

OLSON .50 A ±

132.28' 132.28' 132.28'

82 ND AVE. N.E.

84TH AVE. N.E.

N.E. 8TH ST.

NOT TO SCALE

divided into 6 lots. Since the parcels at the time of trial were raw acreage there was considerable dispute as to the difficulty and expense that would be involved to develop the land into a subdivision. Over objection, but subject to motions to strike as speculative, the trial court admitted evidence concerning the nature of a development, platting and development costs, taxes, sewer assessments and other selling costs.

The trial court based its determination of the value on the testimony of Mr. Donald A. Wilcox, appraiser for the

city, adopting his valuations of $1,750 for item 2 and $5,750 for item 4.

The defendants have appealed from the trial court's award. They contend that the court erred when it stated:

a court is bound by the testimony. I think I have either to take the high one or the low one, I can't pick something in between.

The defendants argue that this statement of the court in its consideration of the evidence reflects a totally erroneous view of the function of the court as the trier of facts; that the trial court was not limited to accepting the testimony on value by any one witness and should have exercised its independent judgment on the basis of all the evidence in the case.

We believe the defendants have misconstrued the basis upon which the evidence was considered by the trial court. The statements of the trial court must be considered in their entirety. In adopting the valuations of the city's expert, the court stated:

I think Mr. Wilcox has demonstrated that he has a far better opportunity from his experience and his familiarity with the area to arrive at a proper figure than any of the other witnesses. . . . Medina is an old community. I find it awfully hard to believe that this property would have lain there undeveloped all of these years if it was practical to build on it without a great deal of expenditure.

. . . .

No, I will adopt Mr. Wilcox's figures. I think *they are the only ones that bear scrutiny.* I do have to regard this as acreage. I cannot speculate what you could get out of it if you cut it up into lots. It has to be viewed as it is today. (Italics ours.)

Having determined that Mr. Wilcox's figures were the only ones to "bear scrutiny," the trial court thereby gave no credence to the remainder of the testimony, and there was no evidence upon which to support a higher or compromise value.

The trial court was justified in disregarding the testimony of the witnesses of the defendants predicated upon a per lot basis.

■ The law is well settled that the measure of just compensation is the market value at the time of the taking. Market value of property injured or taken for public use is defined as the price it will bring when offered for sale by one who desires, but is not required, to sell, and is sought by one who desires, but is not required, to buy, after due consideration of all the elements reasonably affecting value. 29A C.J.S. *Eminent Domain* § 137, p. 567. *In re Town of Issaquah,* 31 Wn.2d 556, 564, 197 P.2d 1018 (1948).

■ The finding of "market value" necessarily includes a consideration of the potential use to which the property may be put. However, the determination of the use value of unimproved acreage by comparison to the value of town lots of a fully developed subdivision leads to speculation and conjecture as to its present market value. The rule as to the admissibility of such testimony is properly stated in Nichols, Eminent Domain, § 18.11[2], pp. 159, 160, 161 (Rev. 3d ed. 1962):

> The owner cannot . . . introduce evidence of the return that he would derive from cutting up a vacant tract of land into building lots, since this would involve pure conjecture as to how fast the lots would be sold and the price that each would bring; . . . The trial court cannot be too careful in excluding evidence of this character . . . .

■ The evidence relating to LID assessments on the property was not competent for determining market value and was properly disregarded. *In re Northlake Ave.,* 96 Wash. 344, 165 Pac. 113 (1917).

■ The defendants in their brief list awards in condemnation proceedings for other parcels adjacent to or near the defendants' property. Evidence of such awards as proof of market value is wholly incompetent. *State ex rel. Merriam v. Superior Court,* 55 Wash. 64, 104 Pac. 148 (1909); *Port of Seattle v. Blatz,* 59 Wn.2d 55, 365 P.2d 779 (1961).

■ The defendants contend that the trial court failed to consider comparable sales. This is not supported by the record. Evidence of comparable sales was evaluated by the expert witnesses and considered by the trial court in weigh-

ing their testimony. As the trier of fact it was within the province of the trial court to give credence to the testimony of Mr. Wilcox only and give no weight to the testimony of the other witnesses.

The judgment is affirmed.

HILL, OTT, and HALE, JJ., and POYHONEN, J. Pro Tem., concur.