[No. 40751.    En Banc.    December 31, 1969.]

*In the Matter of the Petition of the* CITY OF KENT.
THE CITY OF KENT, *Respondent,* v. MILDRED IRENE PADUA
*et al., Appellants.**

*Franklin & Watkins, H. Joel Watkins,* and *Thomas A.
Clark,* for appellants.

*Shellan, Pain, Stone & Swanson, John K. Pain, Jr.,* and
*Stanley E. Stone,* for respondent.

HALE, J.—In 1967, the legislature provided for the limited
payment of attorney's fees and costs in eminent domain
proceedings if the condemnee agreed to give immediate
possession. Laws of 1967, Ex. Ses., ch. 137, § 3, p. 2208; RCW
8.25.070. The Paduas, owners of property under condemna-
tion by the City of Kent did not tender possession, but
nevertheless seek their attorney's fees as a matter of fair
and equal protection of the laws.

The City of Kent brought this petition in eminent do-

*Reported in 463 P.2d 132.

main for the purpose of improving South 212th Street. It seeks to condemn and acquire outright some of the Paduas' real property and to establish drainage slope and easement rights on other of their parcels. More than 30 days before the date of trial, the city offered to pay to the Paduas the sum of $9,250 in just compensation for the taking and damaging. The Paduas refused this offer and, employing counsel, went to trial on the issue of the amount of just compensation. The jury returned a verdict of $15,000, far more than the 10 per cent above the state's highest offer, thus meeting one condition of the statute for attorney's fees and costs. At no time, however, did the Paduas ever tender possession of the property under condemnation to the City of Kent. On motion for allowance of attorney's fees, the trial court found the sum of $750 to be a reasonable amount, but denied allowance of the attorney's fees. The condemnees appeal the denial of attorney's fees and costs prescribed by the statute. RCW 8.25.070.

Appellant condemnees seek their attorney's fees and reasonable expert witness fees under Laws of 1967, Ex. Ses., ch. 137, § 3, p. 2208, RCW 8.25.070, which reads, so far as pertinent here:

> If a trial is held for the fixing of the amount of compensation to be awarded to the owner or party having an interest in the property being condemned and if the condemnee has offered to stipulate to an order of immediate possession of the property being condemned, the court may award the condemnee reasonable attorney's fees and reasonable expert witness fees actually incurred in the event of any of the following:
>
> (1) If condemnor fails to make any written offer in settlement to condemnee at least thirty court days prior to commencement of said trial; or
>
> (2) If the judgment awarded as a result of the trial exceeds by ten percent or more the highest written offer in settlement submitted to those condemnees appearing in the action by condemnor at least thirty days prior to commencement of said trial . . .

Two of the conditions required by the pertinent provisions of RCW Title 8 were met and one was not: (1) The

condemnor made a written offer in settlement to the condemnee more than 30 days prior to the commencement of trial; (2) the judgment awarded on the verdict exceeded the city's highest written offer by more than 10 per cent, *i.e.*, $15,000 awarded against $9,250 offered; but (3) the condemnee, however, did not offer "to stipulate to an order of immediate possession of the property being condemned."

■ Appellant condemnees contend, *inter alia,* that the statute which authorizes to a limited degree allowance for attorney's fees and costs is unconstitutional because it denies them equal protection of the law, constitutes class legislation, deprives them of due process of law, and penalizes them for asserting a constitutional right to have the value of the taking determined by a jury. We are unable to follow these contentions or to square them with any presently acceptable standards of constitutional law, and appellant has been unable to show us any authority to support these assertions of unconstitutionality. So far as we can see, all the statute does is provide for an award of a reasonable attorney's fee and some of the costs of suit actually incurred under prescribed conditions where the law previously allowed no such recovery. It gives the state or city power to enable the condemnee to make a choice where in the past he had no such choice.

Frequently, in the course of acquiring ownership or rights or interests in, or damaging property for the public use, necessity and convenience, the condemnor finds it in the public interest to acquire early possession without imposing any correlative or additional damage to the owners. All the statute does is permit the public agency to offer a substantial and valid inducement to the owners to do something which the state or its agencies could not compel them otherwise to do, and cannot under this statute now compel them to do—surrender possession prior to judgment and let the work proceed.

■ From the condemnee's point of view, we see no denial of any rights or equal protection or even an invidious classification. The owner is entitled to just compensation under our constitution before he must surrender pos-

session. *State ex rel. Eastvold v. Yelle*, 46 Wn.2d 166, 279 P.2d 645 (1955). Just compensation means fair market value at the time of the taking. *Medina v. Cook*, 69 Wn.2d 574, 418 P.2d 1020 (1966). In arriving at fair market value, incidential expenses incurred in connection with the ownership of the land, but which do not affect its value, are not to be included. For example, a landowner's expenditures for architectural and engineering services made prior to any construction on land taken in eminent domain, were held to be a noncompensable, consequential loss to the owners and not includable in the fair market value. *Greenwood v. Seattle*, 73 Wn.2d 741, 440 P.2d 437 (1968). Reasonable attorney's fees actually incurred and expert witness fees incurred in litigating the issue of value would similarly, in the absence of statute, not be deemed a part of and included in the value.

The owners cannot be compelled to surrender possession prior to judgment. But if in their judgment they will incur a benefit or avoid a harm through an early relinquishment, the statute gives them the option of doing so and at the same time litigating in extenso the issue of damages. At all times, the condemnee is free to exercise this choice. Since the condemnor, as an agency of government, in nearly all cases acts for the people, there is nothing unconstitutional, we think, in permitting it to act with both dispatch and economy provided it acts fairly.

This latter idea of fairness, however, raises an issue which emerged on oral argument. How could this statute be fairly applied in circumstances where the condemnee, electing to surrender possession early but intending to litigate the amount of the offer, is awarded by the jury a lesser amount than the offer? Is the court in such a case obliged to enter judgment on the lesser verdict? Can it grant judgment in accordance with the condemnor's highest offer if made according to the statute for the purpose of obtaining early possession in case of a verdict lower than the offer?

A fair and reasonable application of the statute, we think, warrants but one answer. If the condemnee has met

all of the conditions of the statute (RCW 8.25.070) including an offer to stipulate to an order of immediate possession of the property under condemnation, and the condemnee has drawn down the offer, and the trier of the facts finds just compensation is less than the amount offered in settlement by the condemnor under RCW 8.25.070, then we think that the court would be bound to enter judgment for the amount of the condemnor's offer. Thus applied, the statute, we think, meets all constitutional tests proposed.

Affirmed.

ALL CONCUR.

February 10, 1970. Petition for rehearing denied.