[No. 41097.    En Banc.    January 7, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. ROSA ROTH *et al.*, *Appellants.**

*Reported in 479 P.2d 55.

*Ned Hall,* for appellants.

*The Attorney General, James R. Cunningham* and *James F. Huey, Assistants,* for respondent.

STAFFORD, J.—This is an action in eminent domain. The property owners appeal from a judgment which failed to include an award for attorney and expert witness fees.

Article 1, section 16 of the Washington State Constitution, as amended by amendment 9, provides that private property shall not be taken or damaged for public use without "just compensation" having first been made. Originally the determination of "just compensation" was limited to an inquiry of the fair cash market value of the property involved. *In re Medina,* 69 Wn.2d 574, 418 P.2d 1020 (1966); *In re Issaquah,* 31 Wn.2d 556, 197 P.2d 1018 (1948).

Experience in the field of eminent domain made it evident, however, that while gross compensation awarded property owners may have been *just* in terms of the fair cash market value of the property involved, it was *unfair* in terms of the net compensation actually received by litigating property owners. The gross award often was drastically reduced by legitimate costs of litigation to the point that property owners found it an expensive luxury to defend, or even to prepare to defend, a legitimate dispute. The necessary expense of litigation often forced property owners to accept the condemnor's offer even though they felt it was not just compensation.

The 1965 legislature enacted several statutory changes to rectify the situation. The first was designed to prevent meaningless offers and thus avoid, for both sides, unnecessary costs of litigation. RCW 8.25.010 provides that at least 30 days prior to the date set for trial the condemnor is required to serve on the condemnee a written statement showing the amount of total compensation for which it is willing to settle. Second, the condemnor is required to

award, in addition to the fair market value of the property, a sum not to exceed $200 to cover actual and reasonable expenditures incurred by the condemnee in the process of evaluating the condemnor's offer. RCW 8.25.020. Third, the condemnor is required to pay a limited amount for the actual reasonable expenses necessarily incurred by the condemnee in removing his personalty from the appropriated property. RCW 8.25.040. Finally, in the event the condemnor abandons the proceedings after entry of an order of public use and necessity, the trial court is given discretion to award to the condemnee a reasonable sum as attorney and expert witness fees. RCW 8.25.030.

In 1967, the legislature took further steps to attain a measure of equality between "just compensation" and the condemnee's net compensation. It passed RCW 8.25.070 which provides in part:

If a trial is held for the fixing of the amount of compensation to be awarded to the owner or party having an interest in the property being condemned and if the condemnee has offered to stipulate to an order of immediate possession of the property being condemned, the court may award the condemnee reasonable attorney's fees and reasonable expert witness fees actually incurred in the event of any of the following:

(1) If condemnor fails to make any written offer in settlement to condemnee at least thirty court days prior to commencement of said trial; or

(2) If the judgment awarded as a result of the trial exceeds by ten percent or more the highest written offer in settlement submitted to those condemnees appearing in the action by condemnor at least thirty days prior to commencement of said trial; or

(3) If, in the opinion of the trial court, condemnor has shown bad faith in its dealings with condemnee relative to the property condemned.

On January 25, 1968, the Washington State Highway Commission filed the instant proceeding to acquire a strip of land for construction of a secondary state highway. On the same day the condemnees were given a written offer of $1,570 for the 25.13 acres of their property which was to be acquired. An order adjudicating public use and necessity

was entered February 16, 1968 and the case was set for trial. The state made no further written offers although 10 days prior to the trial in October 1968, a state appraiser *orally* offered the condemnees $6,280.

One day before trial the Attorney General received from the condemnees a written offer to stipulate to an order of immediate possession of the property involved. The state, however, did not take possession of the property. At the conclusion of the trial the jury returned a verdict of $16,972.75 for the condemnees, a sum substantially in excess of either the written or oral offer made by the state. The trial court ruled that an attorney's fee of $3,500 and expert witness fees of $200 for each of two witnesses were reasonable, but refused to make an award under RCW 8.25.070 because the condemnees' offer to stipulate to immediate possession was deemed to be untimely.

The issue before us is whether an offer to stipulate to an order of immediate possession received by the condemnor 1 day before trial is sufficient to satisfy RCW 8.25.070.

The express terms of RCW 8.25.070 do not limit the time within which a condemnee may offer to stipulate to immediate possession. Had the legislature intended to impose such a limitation, we presume the statute would have so provided. In addition, the statute is not vague, ambiguous or irrational on its face. Where there is no ambiguity in a statute, there is nothing for this court to interpret. *State ex rel. Hagan v. Chinook Hotel*, 65 Wn.2d 573, 399 P.2d 8 (1965) and cases cited therein. Even if it could be said that the time limitation must have been omitted inadvertently, it is not the function of this court to inject one. *Vannoy v. Pacific Power & Light Co.*, 59 Wn.2d 623, 369 P.2d 848 (1962). That is purely a legislative problem. Thus, we hold that the offer to stipulate to immediate possession and use was timely made under RCW 8.25.070.

The state contends that even if the condemnees' offer to stipulate was timely, the award of fees authorized by RCW 8.25.070 is discretionary. It is urged that there has been no showing that the trial court abused its discretion. The state

argues that this discretion is found in that portion of RCW 8.25.070 which reads:

the court may award the condemnee reasonable attorney's fees and reasonable expert witness fees actually incurred . . .

It should be noted that RCW 8.25.030,[1] another section of the statutory scheme which authorizes a trial court to award reasonable attorney and expert witness fees, expressly provides that the authority to make the award is "discretionary":

the court may *in its discretion* award to the condemnee a reasonable sum as attorneys' fees and expert witnesses' fees.

(Italics ours.)

■■■ Earlier enactments dealing with the same subject matter are presumed to have been considered by the legislature when it amends legislation. Any new provisions of a statute are then deemed adopted in light of and with reference to the earlier act. Where different language is used in the same connection in different parts of a statute, it is presumed that a different meaning was intended. 82 C.J.S. *Statutes* § 348 (1953). If the legislature had intended the award authorized by RCW 8.25.070 to be "discretionary" it could have so provided, as it did in RCW 8.25.030. Having failed to do so we can only conclude that the legislative action was intentional.

The fact that RCW 8.25.070 provides that:

the court may award the condemnee reasonable attorney's fees and reasonable expert witness fees actually incurred . . .

does not mean that the trial court has discretion to withhold an award. To provide that a trial court may award *reasonable* fees is quite different from saying a court has

---

[1]RCW 8.25.030. "If a condemnor, after entry of an order of public use and necessity in any eminent domain proceeding, shall fail to proceed to acquire the property or abandons the proceedings, the court may in its discretion award to the condemnee a reasonable sum as attorneys' fees and expert witnesses' fees."

discretion to totally withhold a fee. The legislative authorization of discretion is a grant of power to determine the reasonableness of requested fees, not a grant of power to determine that *no* fee, even though reasonable, shall be awarded.

Many factors enter into a court's determination of the "reasonableness" of fees. *See* Annot., 56 A.L.R.2d 13 (1957); 7 Am. Jur. 2d *Attorneys at Law* § 235 (1963); 7 C.J.S. *Attorney and Client* § 191 (1937). Consequently a trial judge is given broad powers in making such a decision. The trial court's ruling as to reasonableness of the requested fees in this case, however, will not be disturbed on appeal because the state has not questioned the reasonableness thereof. RCW 8.25.070 provides no additional discretion to deny the award once the trial court has made an unchallenged finding that the fees are reasonable.

■ The primary consideration, as with any question of statutory construction, is to determine the intent of the legislature. 3 J. Sutherland, Statutory Construction § 5813, at 95 (3d ed. 1943); *State ex rel. Blume v. Yelle*, 52 Wn.2d 158, 324 P.2d 247 (1958). As a general proposition, courts will apply the construction which best carries into effect the purpose of the statute under consideration. 3 J. Sutherland, Statutory Construction § 5804 (3d ed. 1943). Our interpretation is consistent with the above-mentioned statutory trend away from an award of "just compensation" based strictly upon the market value of property and toward an award that makes the net compensation more nearly equal to the actual loss of a condemnee who justifiably feels he must challenge the state's highest written offer.

The judgment of the trial court is reversed and the case remanded for payment of those attorney and expert witness fees actually incurred, which were previously determined to have been reasonable.

HUNTER, C. J., ROSELLINI and McGOVERN, JJ., and DONWORTH, J. Pro Tem., concur.

NEILL, J. (dissenting)—RCW 8.25.070 states: ". . . the court may award the condemnee reasonable attorney's fees

. . ." if certain conditions are present. There must be (1) a trial for fixing the amount of compensation and (2) an offer by the condemnee to stipulate to an order of immediate possession of the property being condemned. These two conditions then must be followed by any one of three other conditions: (1) the state has failed to make a written offer within 30 days prior to trial; or (2) the judgment exceeds the offer by more than 10 per cent; or (3) the trial court finds that the state has shown bad faith in dealings with the property owner.

In this statutory framework it is apparent that it was the legislature's intent that there be a quid pro quo between the state and the property owner, *i.e.*, reasonable attorney's fees in return for immediate possession by the state. *See In re Kent*, 77 Wn.2d 499, 502, 463 P.2d 132 (1969). The majority holds that this provision for attorney's fees is mandatory irrespective of the circumstances of the tender of possession. I disagree.

Even though the legislature failed to set any specific time for the offer of immediate possession, common sense dictates that there must be a reasonable time so that the offer conveys something meaningful insofar as the state is concerned. The legislature has said the court "may award" reasonable attorney's fees rather than making the statute mandatory. Read in its ordinary, permissive sense, this allows the court to look to the totality of the circumstances in applying the statutory conditions. Should the court determine that the offer of the property owner was not made in good faith, *e.g.*, by reason of it being made on the "courthouse steps", then the court may properly withhold attorney's fees since there is no real quid pro quo.

The majority premises its conclusion that fees are mandatory upon the existence of the word "reasonable" in the clause, "may award . . . reasonable attorney's fees . . ." The premise does not support the conclusion. I am aware of no statute or case law having to do with attorney's fees that does not speak of "reasonable" attorney's fees, whether the award of such be discretionary or mandatory. The term "reasonable" limits the *amount* of fees to be

awarded. It has no relevance to the question of whether or not fees should or must be awarded in the first instance. In this regard, the majority's reasoning seems to me both inherently unsound and contrary to our firmly settled rule that words in a statute, unless otherwise defined, must be given their usual and ordinary meaning. *E.g., Foremost Dairies, Inc. v. State Tax Comm'n,* 75 Wn.2d 758, 453 P.2d 870 (1969); *Pacific Northwest Alloys, Inc. v. State,* 49 Wn.2d 702, 306 P.2d 197 (1957); *State v. Vosgien,* 82 Wash. 685, 144 P. 947 (1914).

It is axiomatic that the controlling factor in statutory interpretation is the intent of the legislature. *E.g., Krystad v. Lau,* 65 Wn.2d 827, 400 P.2d 72 (1965); *King County Employees' Ass'n v. State Employees' Retirement Bd.,* 54 Wn.2d 1, 336 P.2d 387 (1959). In ascertaining that intent, we apply tried and proven rules of construction to the actual words of the statute, such as discussed above. Additionally, courts may infer legislative intent from the legislative history of the enactment. *Ropo, Inc. v. Seattle,* 67 Wn.2d 574, 409 P.2d 148 (1965); *State ex rel. Northwest Airlines, Inc. v. Hoover,* 200 Wash. 277, 93 P.2d 346 (1939). Here, a review of the legislative history of RCW 8.25.070 provides conclusive support for the proposition that the award of reasonable attorney's fees is not mandatory, but discretionary.

This statute began as House Bill 77 of the 1967 session of the legislature. In the original bill the provision here under consideration read:

> If a trial is held for the fixing of the amount of compensation to be awarded to the owner or party having an interest in the property being condemned and the judgment awarded said parties for such compensation is in excess of the settlement offer required to be made by condemnor hereunder, *the court shall fix a reasonable attorney's fee* to be awarded to the condemnees.

(Italics mine.) The House Judiciary Committee rewrote the bill as Substitute House Bill 77 wherein the word "shall" was changed to "may." After house passage of the substitute bill, the senate amended the provision, reinsert-

ing "shall" for "may." Other amendments not germane to the issue before us were made in both the house and the senate. Due to the difference between the house and senate versions, the bill was sent to free conference where it was rewritten into its present and adopted form. This final compromise via the free conference committee restored the term "may" and, for the first time in the legislative development of the bill, included the present provision relating to tender of possession by the condemnee.

Review of the legislative history of RCW 8.25.070 discloses that the use of the permissive term "may" was neither casual nor inadvertent. Rather, this choice between mandatory ("shall") and permissive ("may") language was clearly deliberate and resulted from direct differences between the two legislative bodies. It follows that this enactment vests trial courts with a measure of discretion as to whether attorney's fees will be awarded, and the function of this court is to examine for possible abuse of that discretion. My review of the record convinces me there was no abuse of discretion here.

The trial judge expressed his reason for denial of attorney's fees in stating that the tender of immediate possession of the property by the condemnee was not timely made. He thus recognized in the statute the legislature's intent that the offer of possession must be made in time to be of some benefit to the state.

I do not mean to imply that a tender 1 or 2 days before commencement of trial is unreasonable per se. The trial court must look to the particular circumstances of the parties. Examples of factors to be considered include: (1) whether the property was vacant and unused or was the home of the condemnee; (2) the time elapsed between commencement of eminent domain proceedings and trial; and (3) whether the state or other condemnor has been delayed in construction of a public project by failure of the condemnee to tender immediate possession. Other factors may be present and considered in a proper case. The point is that the legislature has deliberately vested this matter in the discretion of the trial court.

Here the trial court duly considered the circumstances and concluded that the purpose of the statute was not fulfilled by the condemnee's offer just prior to trial, there being no benefit then realizable by the state. The sound exercise of discretion is reflected in the trial court's oral opinion:

Now certainly that isn't what's contemplated by the statute. So far as I read the statute it seems to me that there are certain conditions that have to be met. One, if a trial is held—well, here we had a trial, it was for that particular purpose of fixing the amount of compensation to be awarded. They were the respondents, who were the owners. Then secondly, if the condemnee has offered to stipulate to an order of immediate possession—we have the offer to stipulate, but it's dated the 22nd, two days before trial, and undoubtedly wasn't received until the 23rd. Well, what value is this to the state? Absolutely none that I can see. I think what this statute contemplated was back in January of 1968 when this case was filed, and a written order being Defendants' Exhibit 2 here, was made also on the 25th day of January, 1968, that then and at that time it was incumbent upon the respondents within a reasonable period of time from receipt of that, to determine whether or not they wanted to enter into a stipulation for it.

. . .

Now I may be more interested in the reasonable point of view, or the reasonableness of the transactions between petitioners and respondents in cases than are other courts, but I think that the state on the one hand, and that the condemnee on the other, must act reasonably with each other, and I don't think that a notice given that "We will stipulate to an order of immediate possession of the property being condemned," received one day before trial, is reasonable.

The trial court properly construed and applied RCW 8.25.070, and should be affirmed.

FINLEY, HAMILTON, and HALE, JJ., concur with NEILL, J.

February 25, 1971. Petition for rehearing denied.