[No. 40593.    En Banc.    January 7, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. MELVIN A. FORREST *et al., Respondents,* F. E. BECK *et al., Appellants.**

*Ray Hayes, Jr.,* for appellants.

*The Attorney General, James R. Cunningham* and *James F. Huey, Assistants,* for respondents.

STAFFORD, J.—This is an action in eminent domain. The condemnees appeal from an order stating that they are not entitled to attorney and expert witness fees.

Appellants are the owners of realty located adjacent to State Primary Highway No. 5. Until these proceedings were commenced, unlimited rights of ingress and egress existed between their property and the highway. On June 16, 1967 the State Highway Department, acting pursuant to RCW 8.04.020, notified appellants of its intention to limit the access to that of a single family residence. The notice was accomplished with a written offer to pay appellants $100 as just compensation for taking the unlimited access.

Appellants retained legal counsel and an appraiser to advise them of the best course of action. It was concluded that $100 was wholly inadequate compensation.

The state made no further written offer, although some

*Reported in 479 P.2d 45.

time prior to trial an oral offer of $1,000 was made. The case was tried by jury on May 9 and 10, 1968.

Appellants mailed to the Attorney General an offer to stipulate to an order of immediate possession of the property being condemned. The offer was received May 7, 1968, 2 days before the trial. The letter was intended to comply with RCW 8.25.070 and thus entitle appellants to receive "reasonable attorney's fees and reasonable expert witness fees actually incurred." The state did nothing to accept the offer.

The jury returned a verdict of $12,000, an amount substantially in excess of either the written or oral offer of the state. Thereafter, appellants filed a motion and supporting affidavit for a reasonable attorney's fee of $4,000 and a reasonable expert witness fee of $435. Appellants asserted that they were entitled to the fees because there had been a trial, the judgment had exceeded by more than 10 per cent the highest written settlement offer of the state, and they had offered to stipulate to an order of immediate possession of the property pursuant to RCW 8.25.070. The motion was denied and this appeal resulted.

We have held today in *State v. Roth,* 78 Wn.2d 711, 479 P.2d 55 (1971), that an award of reasonable attorney and reasonable expert witness fees actually incurred under RCW 8.25.070 is not discretionary when the requirements of that statute are met. The facts of this case show compliance with the statutory requirements and, therefore, reasonable attorney and expert witness fees should have been awarded. The trial court had no discretion to withhold them. This case is reversed and remanded for determination of the fees actually incurred and the reasonableness thereof.

We neither approve nor disapprove of the fees requested; that question is not before us. Such determination is a function of the trial court.

HUNTER, C. J., ROSELLINI and McGOVERN, JJ., and DONWORTH, J. Pro Tem., concur.

NEILL, J. (dissenting)—In my dissent to *State v. Roth,*

78 Wn.2d 711, 479 P.2d 55 (1971), I discuss in detail my reasons for disagreeing with the majority's conclusion that an award of fees under RCW 8.25.070 is mandatory. That dissent is equally applicable to this case.

Under RCW 8.25.070, properly construed, the decision to grant or deny reasonable attorney's and expert witness' fees rests in the sound discretion of the trial court. The question before us on appeal is whether that discretion has been abused.

This case is before us on stipulated facts and a short record. We do not have the trial court's findings of fact, memorandum opinion or oral decision. There is nothing which shows the reasoning of the trial court, or the circumstances considered by it, in denying this motion for fees. Thus, there is nothing from which it can be concluded that the trial court abused its discretion, and the appellants have failed to meet their burden.

Accordingly, I would affirm.

FINLEY, HAMILTON, and HALE, JJ., concur with NEILL, J.

February 25, 1971. Petition for rehearing denied.