[No. 139-3.   Division Three.   January 20, 1971.]

PORT OF CHELAN COUNTY, *Appellant*, v. HARLEY W. MAYDOLE
*et al., Respondents.*

*Charles W. Cone,* for appellant.

*Sam R. Sumner, Jr.,* for respondents.

GREEN, J.—Petitioner, Port of Chelan, brought this action to condemn an easement over land owned by the respondents, Harley W. Maydole and Jo Ann E. Maydole, near Wenatchee. Petitioner's resolution authorizing the condemnation was entitled "Acquisition of Clear Zone Easements For West-East Runway of The Pangborn Field." Petitioner appeals from the judgment entered in favor of respondents.

In its brief, petitioner assigns error as follows:

The court erred in (1) finding that the property taken by the Port of Chelan County was an avigation easement; (2) in awarding damages in the sum of $5,000 to defendants; (3) in awarding attorney fees and costs to the defendants.

Since the findings to which petitioner assigns error are not set forth verbatim in its brief, the findings of fact entered by the trial court must be accepted as the established facts of the case. CAROA 42(g)(iii); CAROA 43; *State ex rel. Bain v. Clallam County Bd. of Comm'rs*, 77 Wn.2d 542, 463 P.2d 617 (1970); *Union Bank v. Kruger*, 1 Wn. App. 622, 463 P.2d 273 (1969); *Koster v. Wingard*, 50 Wn.2d 855, 314 P.2d 928 (1957); *Becwar v. Bear*, 41 Wn.2d 37, 246 P.2d 1110 (1952). These findings support the trial court's conclusions of law. Therefore, assignments of error Nos. 1 and 2 will not be considered.

■ Petitioner assigns error to the trial court's conclusion of law awarding attorney fees and costs to respondents. This conclusion was based upon finding of fact No. 11:

> *That the plaintiff condemner failed to make any written offer in settlement to the condemnees at any time, and during the trial the condemnees offered to stipulate to an order of immediate possession* of the property being condemned as provided for in RCW 8.25.070, Laws of 1967; that the condemner having failed to make such a written offer and the condemnees having offered to stipulate to an order of immediate possession of the property being condemned, the condemnees are awarded as a reasonable attorney fee the sum of $750, and the two expert witnesses of the condemnees are each awarded the reasonable sum of $250 as expert witness fees actually incurred.

(Italics ours.) RCW 8.25.070 provides:

> If a trial is held for the fixing of the amount of compensation to be awarded to the owner or party having an interest in the property being condemned and if the condemnee has offered to stipulate to an order of immediate possession of the property being condemned, the court may award the condemnee reasonable attorney's fees and

reasonable expert witness fees actually incurred in the event of any of the following:

(1) If condemnor fails to make any written offer in settlement to condemnee at least thirty court days prior to commencement of said trial; . . .

When interpreting a statute, the court should ascertain and give effect to the intention of the legislature that enacted the statute so as to comply with the spirit and purpose of the legislation. *Alderwood Water Dist. v. Pope & Talbot, Inc.,* 62 Wn.2d 319, 382 P.2d 639 (1963); *Public Hosp. Dist. 2 v. Taxpayers of Pub. Hosp. Dist. 2,* 44 Wn.2d 623, 269 P.2d 594 (1954); *Graffell v. Honeysuckle,* 30 Wn.2d 390, 191 P.2d 858 (1948).

■ Prior to the enactment of RCW 8.25.070, a condemnor was unable to secure possession of property being condemned until just compensation was first determined and paid. Const. art. 1, § 16 (amendment 9); *Puyallup v. Lacey,* 43 Wash. 110, 86 P. 215 (1906); *Ulery v. Kitsap County,* 188 Wash. 519, 63 P.2d 352 (1936). An attempt by the legislature to grant possession prior to the determination and payment of compensation has been held unconstitutional. *State ex rel. Eastvold v. Yelle,* 46 Wn.2d 166, 279 P.2d 645 (1955); *cf. In re Smith,* 9 Wash. 85, 37 P. 311 (1894); *Askam v. King County,* 9 Wash. 1, 36 P. 1097 (1894); *Peterson v. Smith,* 6 Wash. 163, 32 P. 1050 (1893). The purpose for enacting RCW 8.25.070 was to provide the means whereby the condemnor could obtain possession prior to the determination and payment of just compensation if a trial is held and the condemnee has offered to stipulate for immediate possession. *In re Kent,* 77 Wn.2d 499, 463 P.2d 132 (1969).

■ *State v. Roth,* 78 Wn.2d 711, 479 P.2d 55 (1971) and *State v. Forrest,* 78 Wn.2d 740, 479 P.2d 45 (1971), just decided, hold that where an offer to stipulate for an order for immediate possession is made at any time prior to trial and the other requirements of RCW 8.25.070 are met, the trial court may award reasonable attorney and expert witness fees. The instant case is different. Here the offer to stipulate was made during trial. The statute provides

the trial court, when the prescribed conditions occur, may award reasonable attorney and expert witness fees to the condemnee "if a trial is held" and if the condemnee "has offered" to stipulate for immediate possession. The term "has offered" is in the past tense and when construed with the words "if a trial is held" must, in keeping with the purpose of the statute, be interpreted to require that the offer to stipulate be made prior to trial. An offer to stipulate for immediate possession made *during trial* would be of no significant value to the condemnor. A contrary conclusion would frustrate the purpose of the statute. In the instant case, the offer to stipulate was of no value because it was not made until after the court had delivered its oral opinion as to just compensation.

In these circumstances, respondents are not entitled to an award of reasonable attorney and expert witness fees. The trial court's contrary conclusion was in error.

Judgment is affirmed, except as to that portion awarding attorney and expert witness fees to respondents which is reversed.

MUNSON, C. J., and EVANS, J., concur.