[No. 162-3.   Division Three.   January 20, 1971.]

THE STATE OF WASHINGTON, *Appellant*, v. VIRGIL L. RUARK, *as Guardian, Respondent.*

*Slade Gorton, Attorney General, Joseph B. Loonam* and *Thomas G. Holcomb, Assistants,* for appellant.

*Mark R. Fortier,* for respondent.

PER CURIAM.—The State of Washington, the condemnor, appeals from an order granting attorney's fees and expert witness fees to condemnee.

The essential facts are not in dispute. The condemnor filed a notice of condemnation for the purpose of acquiring real property owned by defendant on August 27, 1969. An order adjudicating public use was granted September 12, 1969. On November 7, 1969 the condemnor received an offer to stipulate to an order of immediate possession and use by the condemnee.

On November 12, 1969 a trial on the issue of the value of the property was commenced. The jury returned a verdict of $33,500 as just compensation. The highest offer made by the condemnor 30 days prior to trial was $7,340. The condemnee filed a motion requesting attorney's and witness fees. Attorney's fees of $8,720 were awarded to defendant, as well as $900 witness fees. The state now appeals from

that order. It does not contest the reasonableness of the fees.

The trial court allowed condemnee's motion under the following provisions of RCW 8.25.070:

If a trial is held for the fixing of the amount of compensation to be awarded to the owner or party having an interest in the property being condemned and if the condemnee has offered to stipulate to an order of immediate possession of the property being condemned, the court may award the condemnee reasonable attorney's fees and reasonable expert witness fees actually incurred in the event of any of the following:

. . .

(2) If the judgment awarded as a result of the trial exceeds by ten percent or more the highest written offer in settlement submitted to those condemnees appearing in the action by condemnor at least thirty days prior to commencement of said trial; . . .

The sole issue before the court is whether an offer to stipulate to an order of immediate possession and use, which is received by the condemnee 5 days prior to trial, satisfies the requirements of RCW 8.25.070.

In *State v. Roth*, 78 Wn.2d 711, 479 P.2d 55, the Supreme Court held that an offer to stipulate to an order of immediate possession which is received by the condemnor a day prior to trial is sufficient to satisfy RCW 8.25.070. In light of *State v. Roth, supra*, we hold that the granting of attorney's fees and expert witness fees was proper.

Affirmed.