[No. 557-41478-1.    Division One—Panel 1.    April 12, 1971.]

THE STATE OF WASHINGTON, *Appellant,* v. BEN H. KODAMA *et al., Respondents.*

*Slade Gorton, Attorney General,* and *Robert V. Jensen, Assistant,* for appellant.

*Shellan, Pain, Stone & Swanson* and *John K. Pain, Jr.,* for respondents.

WILLIAMS, J.—This action was brought by the state of Washington to appropriate land of several parties for a limited access highway. The cause was tried to a jury on the issue of the amount of compensation to be paid to Michael S. Wasnick and wife and resulted in a verdict of $40,000. The appeal by the state is from the judgment entered thereon.

The facts are these: Respondents own a 12-unit apartment building located approximately 400 feet east of First Avenue South and 900 feet north of South 156th Street in King County. Access to the property is by means of an "easement road" which runs east from First Avenue South. When it reaches respondents' property, it forms the south border thereof. The road is paved and was created by the grant of reciprocal easements by the property owners along the route. A limited access highway is designed to run generally north and south parallel to First Avenue South and between that avenue and respondents' property, thereby cutting the easement road. It also requires the taking of 100 square feet of the southwest corner of respondents' property. Access will be provided by a frontage road to run south along the east side of the limited access highway to South 156th Street, where it will join the general road system.

An expert appraiser called by appellant fixed the compensation at $250. This figure was based in part upon the appraiser's opinion that properties on dedicated streets are more attractive to investors than those located upon easements, and that there would be little, if any, damage to respondents' property because of the circuity of the route made necessary by the closure of the easement road. In considering the damage to respondents' property as compared to other properties in a similar situation, the witness used circuity as one of the conditions to be considered and testified to the benefits which respondents would derive from the frontage road. A state highway engineer, testifying for appellant, said that the frontage road was better

than the easement road because it would be maintained by the county and would be safer.

Respondents' expert witnesses fixed the compensation at $63,400, based upon the usual elements of an appraisal, including proximity damage and inconvenience to the tenants in using the new route. The easement road was considered to be preferable because it placed respondents' property within walking distance of a shopping area, while the frontage road placed it too far away for pedestrian traffic.

Appellant's assignment of error is that the trial court refused to give the following instruction taken from WPI 151.04:

You shall allow no compensation to respondents because the owners or others must take a more circuitous route in going to or leaving from their remaining property as a result of the state's construction.

The instruction is based upon RCW 47.52.041, which provides that:

No person, firm or corporation, private or municipal, shall have any claim against the state, city or county by reason of the closing of such streets, roads or highways as long as access still exists or is provided to such property abutting upon the closed streets, roads or highways. Circuity of travel shall not be a compensable item of damage.

A person who purchases property upon a public thoroughfare does so with the understanding that there is reserved to the public the right to change the road network in the exercise of its police power, even though such changes may result in a more circuitous route of ingress and egress for the landowner. Damages resulting from the exercise of police power are not compensable. *State v. Fox*, 53 Wn.2d 216, 332 P.2d 943 (1958); *Walker v. State*, 48 Wn.2d 587, 295 P.2d 328 (1956). To maintain a cause of action for damages for loss of ingress or egress, nonabutting owners must prove that:

their reasonable means of access must be obstructed, and they must suffer a special damage, *different*, in *kind and not merely degree*, from that sustained by the general public.

*Capitol Hill Methodist Church v. Seattle*, 52 Wn.2d 359, 366, 324 P.2d 1113 (1958).

Appellant contends that respondents are not owners of abutting property, will undergo the same inconvenience as the public at large, and so may not recover for circuity. We disagree. This case is concerned with the appropriation of a private easement which is a property right to be taken only under the power of eminent domain. *People v. Renaud,* 198 Cal. App. 2d 581, 17 Cal. Rptr. 674 (1962). The owner of land and a private easement thereto which provides ingress to and egress from a public road does not pay for the same with the understanding or implied condition that the state can take the easement without compensation and require him to go another route. The easement of access of an abutting owner is a property right which is compensable if taken or damaged. *Walker v. State, supra.* We see no distinction between an easement of access from abutting property to a roadway and a private easement which provides access via a corridor from the owner's property to the road.

In addition, appellant firmly planted the issue of circuity of route in the case by introducing testimony of available routes, both to respondents' and comparable properties, for the purpose of proving not only that respondents' property suffered no damage by the change, but that there were distinct advantages of the frontage road over the easement road. Appellant requested, and the court gave, an instruction that benefits to accrue to respondents' remaining property caused by the construction of the frontage road could be offset against injury caused to that property by the construction of the highway. In the light of the evidence, the benefit instruction was properly given. *Ashley v. Ensley,* 44 Wn.2d 74, 265 P.2d 829 (1954). Appellants' proposed circuity instruction, taken from WPI 151.04, is inconsistent with the evidence and the benefit instruction for it would preclude respondents from arguing that the change of roads is detrimental to their property, while permitting appellant to claim that it is beneficial thereto.

Respondents cross-appeal from that part of the

judgment which did not allow them attorney's fees on appeal. RCW 8.25.070 permits the trial court to award the condemnee reasonable attorney's fees, if certain conditions relative to settling the case before trial are met. Respondents met those conditions. We think the matter is controlled by *State v. Roth,* 78 Wn.2d 711, 479 P.2d 55 (1971) and *State v. Forrest,* 78 Wn.2d 721, 479 P.2d 45 (1971), wherein the Supreme Court stated that the purpose of the statute is to insure that the condemnee receives just compensation for his property as required by Washington State Constitution article 1, section 16, amendment 9. The award is not just if it is based upon the fair cash market value less substantial attorney and expert witness fees. If the conditions are met, there appears to be no valid reason why attorney's fees on appeal should not be reimbursed as well as those in connection with the trial. Both are forced upon the condemnee by the action of the state in seeking to take private property, both are essential to success, and both diminish the award.

The judgment of the trial court is affirmed as to the award of compensation and reversed on the cross-appeal and remanded with directions to the trial court to fix reasonable attorney's fees actually incurred on appeal. Respondents are allowed their costs.

HOROWITZ, C.J., and UTTER, J., concur.