[No. 2253-1. Division One. November 18, 1974.]

THE STATE OF WASHINGTON, *Appellant*, v. GEORGE L. SWARVA et al., *Defendants*, EVERETT L. WOODS et al., *Respondents*.

*Slade Gorton, Attorney General,* and *Eric B. Swanson, Assistant,* for appellant.

*Michael R. Donovan,* for respondents.

WILLIAMS, J.—This action was brought by the State of Washington to condemn a tract of land owned by Everett L. and Lebia Woods for highway purposes. An order adjudicating public use was entered without opposition, and trial to the court sitting with a jury was held to determine just compensation. The jury returned a verdict of $107,000. The court entered judgment for $123,728. The State appeals and the Woodses cross-appeal.

The facts essential to be stated are these: Following the entry of the adjudication of public use, the State offered to pay $123,728 for the property. The parties stipulated to the entry of an order which required the State to deposit that sum with the court in return for the immediate use and possession of the property. The stipulated order of immediate possession and deposit was made pursuant to RCW 8.04.090-.094, which statutes were incorporated into the stipulation by reference. The Woodses withdrew the deposit and elected to go to trial on the question of just compensation. A subsequent offer by the State of $127,500 was rejected.

The State contends that the court erred in entering judgment for $123,728 notwithstanding the jury verdict of $107,000 and in not awarding it judgment for $16,728. The

trial court added $16,728 to the verdict because it believed that the stipulation was a contract which bound the State to pay the full amount of the deposit, $123,728. The following part of RCW 8.04.092 is controlling:

> The amount paid into court shall constitute just compensation paid for the taking of such property: *Provided,* That respondents may, in the same action, request a trial for the purpose of assessing the amount of compensation to be made and the amount of damages arising from the taking . . . In the event that, pursuant to such trial, the verdict of the jury . . . shall award an amount less than the amount of the tender, . . . the state, if respondents have accepted the tender and withdrawn the amount paid into court, shall be entitled to a judgment for the difference; . . .

The statute gives the State the right to a judgment for the difference between the amount the Woodses withdrew and the amount of the verdict. *In re Kent,* 77 Wn.2d 499, 463 P.2d 132 (1969), cited by the Woodses in support of their contention that they are entitled to keep the deposit, presents a different factual situation, concerns a different statute, and is of no help in this case. The verdict was within the range of credible evidence and must stand. *State v. Gobin,* 73 Wn.2d 206, 437 P.2d 389 (1968). The State should be awarded judgment of $16,728, which is the difference between the verdict and the tender withdrawn by the Woodses.

On their cross-appeal, the Woodses challenge the testimony of the appraisers called by the State. They contend that those appraisers should not have been permitted to evaluate the property on an acreage basis because of the rule in *In re Medina,* 69 Wn.2d 574, 418 P.2d 1020 (1966), which is that it is improper to compare unimproved land with a fully developed subdivision. The evidence in this case was that preliminary measures had been taken to subdivide the property, but that the development was far from complete. The appraisers took into consideration the improvements which had been made to the property. This was correct. *In re Issaquah,* 31 Wn.2d 556, 197 P.2d 1018 (1946);

*State v. Wilson,* 6 Wn. App. 443, 493 P.2d 1252 (1972). The Woodses' land was not comparable to a fully developed subdivision of town lots.

The Woodses also contend that the State should have been prohibited from introducing testimony that the value of the land was less than that reported as the basis for its original offer made pursuant to RCW 8.26.180(3), because of the prohibition against coercion to compel an agreement as to price contained in RCW 8.26.180(7). The basis for the initial offer was an appraisal of $123,728, whereas the appraisers for the State testified at the trial to an evaluation substantially less than that. RCW 8.26.030(2) states:

> The provisions of RCW 8.26.180 create no rights or liabilities and shall not affect the validity of any property acquisitions by purchase or condemnation.

In speaking of the guidelines set forth in RCW 8.26.180, Division Three of this court said in *State v. Obie Outdoor Advertising, Inc.,* 9 Wn. App. 943, 950, 516 P.2d 233 (1973):

> [O]nce the condemnation trial begins, the parties are in an adversarial position and the guidelines should not apply. The question of whether a particular witness followed sound appraisal practices is a matter for cross-examination and argument.

The remaining errors assigned by the Woodses have been considered and found to be insubstantial.

The judgment is reversed on the main appeal with directions to award $16,728 to the State and affirmed on the cross-appeal of the Woodses. In accordance with the statute, costs will be taxed against the State. RCW 8.04.092. *Little v. King County,* 159 Wash. 326, 293 P. 438 (1930); *Grays Harbor Boom Co. v. Lownsdale,* 54 Wash. 83, 104 P. 267 (1909); *State v. Kodama,* 4 Wn. App. 676, 483 P.2d 857 (1971).

SWANSON, C.J., and HOROWITZ, J., concur.

Petitions for rehearing denied December 31, 1974.

Review granted by Supreme Court February 25, 1975.