[No. 4783–1. Division One. December 12, 1977.]

THE STATE OF WASHINGTON, *Appellant,* v. MARGARET F. BUCKLEY, ET AL, *Respondents.*

*Slade Gorton, Attorney General,* and *Scott C. Neilson, Assistant,* for appellant.

*Short, Cressman & Cable, Douglas R. Hartwich,* and *Margaret A. Evans,* for respondents.

WILLIAMS, J.—This action was brought by the State of Washington to appropriate land of several parties for a highway. Stipulated orders adjudicating public use and for immediate use and possession of the property owned by Paul N. Fiorito and wife were entered in April 1972. The State determined that the value of the Fiorito property was $97,300 and deposited that sum with the clerk of court. Soon thereafter, the Fioritos withdrew the funds. Pending trial to determine the amount of damages arising from the taking, the State decided that it did not require all of the property and filed a notice and motion to "amend description, tender back, reduce offer and demand reimbursement." The court denied the motion, decreed appropriation of the full parcel to the State, and, the Fioritos having waived trial, entered judgment for them in the amount of $97,300. The State appeals; we affirm.

The principal question is raised by the State's contention that it has the right to unilaterally reduce the size of a parcel of property condemned at any time before title vests in the State by a decree of appropriation and payment of the award. RCW 8.04.120; *State v. Calkins,* 54 Wn.2d 521, 342 P.2d 620 (1959). As a general proposition, the State does have that right, *PUD 1 v. Washington Water Power Co.,* 43 Wn.2d 639, 262 P.2d 976 (1953), if it has not taken possession. *Greenwood v. Seattle,* 73 Wn.2d 741, 440 P.2d 437 (1968).

In this case, the State took possession of the property pursuant to a stipulation authorized by RCW 8.04.090, which states in part:

The court without further notice to respondent shall enter an order granting to the state the immediate possession and use of the property described in the order of necessity, which order shall bind the petitioner to pay the full amount of any final judgment of compensation and damages which may thereafter be awarded for the taking and appropriation of the lands, . . .

The Supreme Court, in *State ex rel. Peel v. Clausen,* 94 Wash. 166, 171, 162 P. 1 (1917), said:

But the state is in no position to invoke this statute. It has ignored the privileges of the chapter upon which it relies, and, by taking actual possession of the right of way in defiance of the constitution, has made itself subject to the money judgment which was entered against it in the original case. The purpose of § 900 was to permit the state to repudiate a judgment in a condemnation proceeding. Having taken the land, it has waived the right to repudiate, and is, in law, charged with its value.

The State argues that *Clausen* does not apply because there the condemnor "cleared, graded, and maintained" a road, whereas in this case the land was not used during the 3 years that the State kept it. That may be so; but the State had a right to use the property, and by the stipulation the Fioritos irrevocably transferred to the State the same valuable rights in land as does a vendor to a vendee in a traditional land sale contract. *Cascade Security Bank v. Butler,* 88 Wn.2d 777, 567 P.2d 631 (1977).

The ruling urged by the State would present the property owner with a Hobson's choice: he may either withdraw and spend the funds, as the statute clearly allows, and risk having to pay the money back at some time in the future, or he must let the deposit remain with the clerk of the court for an indefinite time, until judgment and a decree of *appropriation* are entered. In either event, the owner would be deprived of his property. Nothing in RCW 8.04.090 permits the State to renege upon its part of the agreement

once the stipulation has been made and the order entered thereon, transferring possession of the property to the State.

The other question in this case is raised by the Fioritos, who contend that they are entitled, under either RCW 8.25.070 or 8.25.075, to reasonable attorney's fees on appeal. *State v. Kodama,* 4 Wn. App. 676, 483 P.2d 857 (1971); *Snohomish v. Joslin,* 9 Wn. App. 495, 513 P.2d 293 (1973). RCW 8.25.070 provides, in part, that

(1) Except as otherwise provided in subsection (3) of this section, if a trial is held for the fixing of the amount of compensation to be awarded to the owner or party having an interest in the property being condemned, the court shall award the condemnee reasonable attorney's fees and reasonable expert witness fees in the event of any of the following:

(a) If condemnor fails to make any written offer in settlement to condemnee at least thirty days prior to commencement of said trial; or

(b) If the judgment awarded as a result of the trial exceeds by ten percent or more the highest written offer in settlement submitted to those condemnees appearing in the action by condemnor at least thirty days prior to commencement of said trial.

It will be noted that the statute applies "if a trial is held for the fixing of the amount of compensation to be awarded to the owner or party having an interest in the property being condemned . . ." This appeal does not involve review of a trial held for the fixing of the amount of compensation; on the contrary, the Fioritos waived trial and accepted the $97,300 as just compensation for the taking. RCW 8.04.092. RCW 8.25.070 does not provide for the award of attorney's fees in such a case, and we are powerless to construct such a rule on our own. *Vannoy v. Pacific Power & Light Co.,* 59 Wn.2d 623, 369 P.2d 848 (1962).

RCW 8.25.075, providing for costs and reasonable fees to the condemnee in certain cases, does not apply because the State is not being permitted to abandon the condemnation.

The judgment is affirmed.

CALLOW and ANDERSEN, JJ., concur.