[No. 6760–1. Division One. March 26, 1979.]

MELVIN E. CHASE, *Respondent,* v. THE
CITY OF TACOMA, *Appellant.*

*Reed, McClure, Moceri & Thonn, P.S.,* and *William R. Hickman,* for appellant.

*Kane, Vandeberg & Hartinger, Harold T. Hartinger,* and *G. Perrin Walker,* for respondent.

RINGOLD, J.—Melvin E. Chase commenced this action as an inverse condemnation action for damages. At trial the cause was submitted to the jury to determine damages resulting to Chase's property from past floodings and just compensation for the taking of a pipeline easement by the City of Tacoma (City) to construct and maintain twin 72-inch underground pipelines on the land. The jury awarded $62,520 for the damages caused by the past flooding and

$22,500 for the taking of the easement, and the City appeals.

The property consists of a 25.16–acre undeveloped site which was part of a 98–acre parcel purchased by Chase in 1948. The property had been used for agricultural purposes and since 1969 had been leased by Chase to others for the growing of blueberries. The land had been often flooded by the overflow of adjacent Flett Creek, an artificial watercourse into which continually larger quantities of flood waters were diverted by the City.

The property is within the Tacoma city limits, one block west of old Highway 99 fronting on South 74th Street, an east–west arterial which provides direct access to the freeway, Interstate 5, and is bounded on the east by a railroad. Flett Creek crosses the property running from north to south along the easterly portion of the land.

The assignments of error raised these questions:

1. Should evidence of comparable sales have been excluded?

2. Did the trial court err in its instruction to the jury to the effect that for the purposes of deciding just compensation for the easement, the City's right of prior approval of certain permissive uses by Chase is equivalent to prohibition of such uses?

3. Did the trial court err in excluding evidence of the price paid by Chase for the property?

4. Did the trial court err in admitting into evidence Tacoma City Council minutes tending to show the foreseeability of the flooding of the land?

5. Did the trial court err in refusing the City's stipulation purporting to limit its rights under the easement?

We find no error and affirm the trial court.

### Comparable Sales

The City challenges the use by Philo C. Tyler, the appraiser, of sales of other property in arriving at his opinion of the value of the Chase property. The City argues that

the sales relied on were not comparable, in that the properties varied in zoning, current use, character of neighborhood, physical characteristics and transportation availability. Tyler used five sales from which he arrived at his opinion of the value of the subject property at 47 cents per square foot, or $19,750 per acre. The compared properties varied in price from 56 cents to $2.50 per square foot. Each was smaller and zoned to permit light industrial use, the use posited by Mr. Tyler as the "highest and best use" for the Chase tract.

The rule may be stated as follows:

[N]o general rule can be laid down regarding the degree of similarity that must exist. The determination of the similarity of the lands involved in the proffered evidence to those sought to be condemned, and whether the transactions are sufficiently close in point of time to afford a fair comparison, are matters resting largely in the discretion of the trial court.

27 Am. Jur. 2d *Eminent Domain* § 429, at 333 (2d ed. 1966). *Accord, State v. Rowley,* 74 Wn.2d 328, 444 P.2d 695 (1968).

Further elucidation is found in 5 J. Sackman, *Nichols' The Law of Eminent Domain* § 18.11 (3d ed. rev. 1975):

[T]he value which the law recognizes is the fair market value, taking into consideration any and all uses to which the land is reasonably adapted and might with reasonable probability be applied.

Any evidence of such value, therefore, which is competent under the general rules of evidence, and which is material and relevant to the question of value may be admitted.

The City asserts that developed parcels cannot be admitted into evidence to show the market value of an undeveloped parcel such as Chase's, and relies upon the case *In re Medina,* 69 Wn.2d 574, 418 P.2d 1020 (1966). For a number of reasons the authoritativeness of *Medina* must be questioned. The trial in *Medina* was to the court without a jury. The oral opinion of the trial judge, quoted at page 577, suggests that his ruling on the developed comparables was

based upon his assessment as the trier of fact of the credibility of the evidence; he did not rule that the developed comparables were inadmissible as a matter of evidence. The Supreme Court went much farther, however, than sustaining the trial court on substantial evidence; it laid down a rule of law purporting to disallow evidence in the form of the sale price of developed comparables to show the value of an undeveloped parcel.

The rule is not supported by the authority cited in the opinion. The context of the material quoted from Nichols is a discussion of the admissibility of evidence of potential use of the property whose value is in question, as distinct from admissibility of evidence regarding comparable parcels. Further, the treatise writer painstakingly establishes the contrary of the rule adopted in *Medina*. The rule supported in Nichols is that evidence of potential use of a parcel is admissible *provided* there are showings of (1) the adaptability of the parcel for the use, and (2) such likelihood of demand for the parcel devoted to that use to affect present market value. 5 J. Sackman, *Nichols' The Law of Eminent Domain* § 18.11(2). The material quoted in *Medina* pertains to the precise manner in which evidence of potential use may be used to show value. The proper approach is for the evidence of potential use to come in to show impact upon present market value arising from the adaptability of the property to the use and demand for the property devoted to that use. The evidence that is the subject of Nichols' admonition, quoted by the *Medina* court, which a court "cannot be too careful to exclude" is evidence of expected profits from an imagined development scheme, inadmissible because it is speculative. As Nichols suggests, the proper rule is that evidence of potential use of a parcel is admissible to show value provided there is a showing of (1) adaptability of the property to that use and (2) present market demand for the property devoted to that use.[1]

---

[1]WPI 150.09 expressly provides for consideration of the uses to which property may reasonably be expected to be put in the near future. WPI 151.11 permits

Similar considerations control the admissibility of the sale price of developed parcels to show the value of the undeveloped parcel whose value is in issue. There must be a showing of adaptability of the undeveloped parcel to the use to which the comparable is devoted and a showing that there is present market demand for the undeveloped parcel if developed as the comparable. *State v. Hobart,* 5 Wn. App. 469, 487 P.2d 635 (1971). In either instance the problem is whether there is proper foundation to make the evidence competent, or relevant. Questions of relevance are properly addressed to the sound discretion of the trial court, and are reviewable by an appellate court only for abuse of discretion. *Chase v. Beard,* 55 Wn.2d 58, 346 P.2d 315 (1959).

In the present case there was ample evidence from an expert engineer of the topography and physical characteristics of the land as well as evidence of the proximity of rail frontage to support an inference by the trier of fact as to the adaptability of the property for light industrial use. Mr. Tyler expressed his opinion that there is present market demand for land, such as that in issue, devoted to light industrial use and that a zoning change is probable.

In reviewing the record we are satisfied that there was sufficient foundation so as to make the evidence regarding the developed comparables admissible and it was properly admitted. Questions of the degree of comparability of other parcels alleged to be comparable go to the weight of the evidence, not to its admissibility. *State v. Hobart, supra.* This is a question which is properly within the trial court's discretion. We find no abuse of discretion.

COURT'S INSTRUCTION

The City challenges a portion of an instruction advising the jury of the nature of the easement, its scope and use. The last paragraph of the instruction reads:

consideration of value for subdividing when available use is for subdividing and there is a present demand for that use.

Mr. Chase cannot place permanent buildings or large trees within the 40–foot wide easement. Mr. Chase cannot without prior City approval make alterations, or erect temporary buildings, or use the 40–foot easement for a parking lot. *For the purpose of this case, in fixing just compensation for the City's taking the pipeline easement, the City's right of prior approval of these permissive uses by Mr. Chase is equivalent to prohibiting these uses.*

(Italics ours.) Challenging the italicized portion of the instruction, the City relies upon *In re Metro Seattle,* 67 Wn.2d 923, 410 P.2d 790 (1966), quoting with approval 4 J. Sackman, *Nichols' The Law of Eminent Domain* § 12.41(2), at 282 (3d ed. rev. 1962):

So, also, when an easement is taken which does not require an exclusive occupation of the surface, such as the right to lay and maintain telegraph wires, or subterranean pipes, over or through private land, the owner is not entitled to recover the entire market value of the land subjected to the easement.

*In re Metro Seattle, supra* at 929–30. We fail to see how the portion of the instruction to which the City objects in any way mandates a requirement that the jury should consider the easement as the taking of the fee. The authority cited is inapposite.

Where a landowner's use of condemned property is permissive with the condemnor, for the purposes of determining just compensation, it must be assumed that the permission is denied. *Houston Texas Gas & Oil Corp. v. Hoeffner,* 132 So. 2d 38 (Fla. Dist. Ct. App. 1961); 27 Am. Jur. 2d *Eminent Domain* § 272 (1966). The trial court did not err.

PURCHASE PRICE INADMISSIBLE

The City next contends that depriving the jury of the evidentiary value of the original purchase price so that it might evaluate its weight along with the other evidence was erroneous. *Rothman v. North Am. Life & Cas. Co.,* 7 Wn. App. 453, 500 P.2d 1288 (1972). *Rothman* is not a condemnation case, and is inapposite. The correct rule found

in *Grays Harbor Boom Co. v. Lownsdale,* 54 Wash. 83, 102 P. 1041 (1909) is that the admission of evidence of prior price paid for subject property is admissible only for the probative value that the price may have to current market value; its admissibility is discretionary with the court. *Chase v. Beard, supra.* 55 A.L.R.2d 791 (1957). The purchase price was so remote that any inference of present value could not fairly arise therefrom. The court, therefore, properly in the exercise of its discretion, excluded the testimony.

### ADMISSION OF THE 1960 CITY COUNCIL MEETING MINUTES

The exhibit was offered to show that the City had knowledge of its Flett Creek drainage problems, knew the feasibility of remedying these problems and took responsibility for any damages inflicted by the storm sewers. While this evidence may not have been probative with respect to the issue of compensation for the taking of the easement, it was relevant and bore directly on the issue of damages from the flooding. The relevance demonstrated by Chase was not so outweighed by any prejudicial effect as to constitute an abuse of discretion. *Cf.* E. Cleary, *McCormick's Handbook on the Law of Evidence* § 185, at 440–41 (2d ed. 1972). The trial court did not err in admitting the minutes of the council meeting.

### STIPULATION

The City offered to stipulate regarding its rights pursuant to the easement in such a manner that the damages would be mitigated. Decisions of our court have recognized the right of the condemnor to stipulate in mitigation of damages. *Tacoma Eastern R.R. v. Smithgall,* 58 Wash. 445, 108 P. 1091 (1910); *State v. Basin Dev. & Sales Co.,* 53 Wn.2d 201, 332 P.2d 245 (1958).

Approximately 6 months before trial the trial court ordered discovery against the City so that Chase could learn precisely the nature and extent of the City's plans with regard to his land. In reliance upon that discovery, all

parties prepared for trial. In a preliminary statement the jury had been advised of the nature of the rights to be taken by the City, and the landowner's expert witness had prepared his testimony based upon the plans then made. It was not until the sixth day into the trial that the City offered its unilateral stipulation which would further mitigate damages.

The trial court carefully considered that Chase had prepared his case relying upon the map submitted during discovery, that the appraiser had arrived at his opinion on the basis of the original plans, and concluded that the City's offered stipulation was untimely.

 The issue, then, is the scope of the trial court's discretion in denying the proposed amendment to the pre–trial statement as to the nature and extent of the rights to be acquired by the City. It is the duty of the condemnor to present sufficient construction plans so that the extent of the loss to the property owner can be understood and translated into monetary damages. *In re Metro Seattle, supra* at 927. "The trial court can and will, if requested, protect the landowner's rights with respect to both the sufficiency and the timeliness of the details of the proposed taking." *In re Metro Seattle, supra* at 928.

We do not find an abuse of discretion by the trial court.

Judgment of the trial court is affirmed. This matter is remanded to the trial court for the determination of reasonable attorneys' fees on appeal.

WILLIAMS and DORE, JJ., concur.

Reconsideration denied June 21, 1979.

Review denied by Supreme Court September 21, 1979.